*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*

---

### JUSTICE *v.* THE STATE.

Evidence that a father refused to permit medicine to be administered to one of his minor children while sick does not support a conviction of the father for depriving such child of necessary sustenance, within the meaning of the statute which declares such deprivation to be an offense against the laws of this State.

Argued November 17, — Decided December 9, 1902.

Accusation of misdemeanor. Before Judge Adams. City court of Dublin. October 6, 1902.

*H. P. Howard* and *J. A. Thomas,* for plaintiff in error.
*F. G. Corker, solicitor,* contra.

LITTLE, J. Sion Justice was put on trial in the city court of Dublin, under an accusation charging him with a misdemeanor. The specific allegation is, that the accused did "unlawfully deprive of necessary sustenance one William Jordan Justice, a child five and a half years old, the said William Jordan Justice being ill and the said Sion Justice failing and refusing to provide said child with necessary sustenance, the said Sion Justice being the father of said child." The trial resulted in a verdict of guilty, and the defendant made a motion for a new trial, which being overruled, he excepted. Each ground set out in the motion presents sufficient cause for the grant of a new trial. The Penal Code, § 708, declares that "whoever shall torture, torment, deprive of necessary sustenance, mutilate, cruelly, unreasonably and maliciously beat or ill-treat any child," etc., shall be guilty of a misdemeanor. The theory under which the accused was prosecuted in this case was that he was guilty of depriving his minor child of necessary sustenance, because, on account of a religious belief, he refused to procure medicine to be administered to any of his children when they were sick. It was not

shown or attempted to be shown that the accused deprived his minor child of food.   One of the witnesses for the State testified that the defendant provided for his family in a decent and respectable manner in the way of something to eat and drink, and was kind to his wife and children; he said, "the only thing I have to complain of is, he don't give any medicine."   Another said that defendant "furnished his family all the necessaries of life as well as any ordinary farmer in his circumstances of life (all but medicine), and that is all I complain of."   Still another said that defendant "always furnished his family with all the ordinary provisions that farmers have, and he was kind and considerate to his family and children; seemed to be a Christian; seemed to keep the commandments and seemed to do unto others as he would have them do unto him." In our opinion, there is a very great difference between depriving a child of sustenance, and refusing to permit medicine to be administered to him.   Sustenance is "that which supports life; food; victuals; provisions;" while medicine is defined to be "any substance administered in the treatment of diseases; a remedial agent; a remedy; physic."   Our statute, in the use of the word "sustenance," means that necessary food and drink which is sufficient to support life and maintain health.   And evidence that while a father fully provides for the wants of his children as to food, he refuses to permit them to take medicine, will not support a conviction under this statute; and we know of no provision in our penal laws enacted to meet a case of this character.   It appears from the evidence that, under a belief characterized as a religious belief, the father conscientiously prohibits the use of any kind of medicine by any member of his family.   From the standpoint which a majority of us occupy, this is a grave and grievous error of judgment, and oftentimes would deprive those who are nearest and dearest to us of the means of alleviating pain and suffering.   But while this is true, it can not be corrected, as the law now stands, through the medium of a criminal prosecution.   Each ground of the motion embodies good cause for setting aside the verdict, and the trial judge erred in overruling the motion for a new trial.

*Judgment reversed.   All the Justices concurring, except Lumpkin, P. J., absent.*