Williams, J.
 

 In the consideration of the questions presented, it must be kept in mind that the record dis
 
 *292
 
 closes that the relator duly qualified for and was appointed to a position in the classified service and has continued in that same position for a period of more than fourteen years.
 

 The Court of Appeals, hearing this case
 
 ele novo,
 
 found as conclusions of law (a) that the position of director of recreation is and, at all times during plaintiff’s incumbency, has been in the unclassified civil service and (b) that such director, holding his position at the pleasure of the public recreation commission, was lawfully dismissed from his position by such commission.
 

 The appellate court based its conclusion upon pertinent parts of Section 486-8, General Code, which are as follows:
 

 “The civil service of the state of Ohio and the several counties, cities and city school districts thereof shall be divided into the unclassified service and the classified service.
 

 “ (a) The unclassified service shall comprise the following positions, which shall -not be included in the classified service, and which shall be exempt from all examinations required in this act: * * *
 

 “S * * *
 
 and
 
 two secretaries, assistants
 
 or
 
 clerks
 
 and one
 
 personal stenographer
 
 for other elective officers and
 
 each of
 
 the principal appointive executive officers, boards or
 
 commissions,
 
 except civil service commissions, authorized by law to appoint such secretary, assistant or clerk and stenographer. * * *
 

 “(b) The classified service shall comprise all persons in the employ of the state, the several counties, cities and city school districts thereof, not specifically included in the unclassified service, to be designated as the competitive class and the unskilled labor class.
 

 “1. The competitive class shall include all positions and employments now existing or hereafter created in the state, the counties, cities and city school districts
 
 *293
 
 thereof, for which it is practicable to determine the merit and fitness of applicants by competitive examinations. * * *” (Italics onrs.)
 

 The Court of Appeals reasoned that the position of director of recreation is comprehended within the provisions of paragraph 8, subdivision (a), quoted above; that such position, being fiduciary in character, was not one for which it was practicable to determine merit and fitness by competitive examination; and that the resolution of the recreation commission declaring the position of director to be in the unclassified service did not actually fix a status but only gave recognition to the true legal status which had obtained since the creation of the position.
 
 State, ex rel. Myers,
 
 v.
 
 Blake, Dir.,
 
 121 Ohio St., 511, 169 N. E., 599, is cited and relied on, but in that case, rightly or wrongly, the position in question was put in the unclassified service by order of the civil service commission. There is no express statutory provision that prevents the merit and fitness of an applicant for a position, the duties of which are of a fiduciary or confidential nature, from being determined by competitive examination and the fact that the duties performed by plaintiff were of such a nature, if they were, did not of itself require that injunctive relief be denied him.
 

 Under the statutory provisions quoted above, the competitive class of the classified service in a city shall include all positions and employments for which it is practicable to determine the merit and fitness of applicants by competitive examination, but excepting therefrom all positions specifically included in the unclassified service.
 

 Is the recreation commission, as the appointing authority, permitted to raise the question whether it was practicable to determine plaintiff’s merit and fitness by competitive examination?
 

 
 *294
 
 The plaintiff took the civil service examination and, upon the request of the recreation commission, his name was certified with the names of two others as provided by law. Thereupon the plaintiff received the appointment which was in all respects regular and he served for years without interference. Now it is asserted that it was not practicable to ascertain his merit and fitness by competitive examination. The practicability of a test by examination was here, as it usually is, a question of fact. The civil service commission, by giving the examination and certifying the names, and the recreation commission, by requesting in writing the certification and appointing the plaintiff, recognized that it was practicable to determine the merit and fitness of applicants for the position by competitive examination. In
 
 State, ex rel. Hoskins,
 
 v.
 
 Ohio Board of Administration,
 
 92 Ohio St., 457, 459, 111 N. E., 283, it was held that the appointing authority, having requested the state civil service commission to furnish a list of names eligible for appointment to a given position after competitive examination, could not be heard to claim that it was not practicable, by such an examination, to determine the merit and fitness of applicants for that position. There was no actual appointment in that case. The same principle applies here but the basic facts herein are stronger. In addition to the request for a list of names, there were the subsequent certification, the appointment of plaintiff to the position, the acceptance by him with the understanding and assurance that he was to be in the classified service and the years of actual service before any question was raised as to the security of his tenure. The factual determination as to practicability, which rested with and was made by the civil service commission in the first instance and was acquiesced in and sanctioned by the recreation commission by its request for a certification of names and by its appoint
 
 *295
 
 ment of plaintiff from the names certified, should not be disturbed by the court now. It might well be urged that the classified service status of the plaintiff thus established by word and deed continues by every principle of justice so long as he holds the position; and surely, the defendants cannot be heard to raise the question of impracticability as a justification for the plaintiff’s removal from the classified service or for his dismissal from his position as of December 31, 1944.
 

 Was the position of director of recreation specifically included in the unclassified service?
 

 There are twelve paragraphs in Section 486-8 specifically mentioning positions and employments which shall not be included in the classified service and which shall be exempt from all examinations. No claim is made that the position in controversy here could or does come within any other provision than the portions of paragraph 8 quoted above. Counsel for defendant urge that the director of recreation properly comes within the category of “secretaries, assistants, or clerks ’ ’ and so is and was at all times in the unclassified service.
 

 No doubt the recreation commission could have recognized the position of secretary, assistant or clerk and employed the plaintiff to fill it, if willing, without any examination. Then he would not have been in the classified service. But that course was not followed and the statutory provisions did not require that it should have been. “Two secretaries, assistants or clerks” may be needed by some commissions and not by others. Certainly the law does not require the employment-of help not needed. In our judgment the provision as to these positions is therefore directory and not mandatory, and discretion as to filling such a position is vested in the appointing power. On the other hand, had the plaintiff been appointed a secre
 
 *296
 
 tary, assistant or clerk lie would not have been director of recreation. That position is specifically created by ordinance with prescribed powers and does not fall-under tbe bead of “secretaries, assistants or clerks” as used in tbe statute. Therefore tbe position held by tbe plaintiff is not specifically included in tbe unclassified service or exempted from examinations.
 

 "Was tbe plaintiff wrongfully dismissed from bis position?
 

 ' Since tbe defendants cannot question tbe practicability of determining plaintiff’s merit and fitness by competitive examination and since tbe position held did not come within tbe meaning of “secretaries, assistants or clerks,” or any other exceptions in paragraphs 1 to 12 inclusive of subdivision (a) of Section 486-8, tbe plaintiff is in tbe classified service and can be removed only for misfeasance, malfeasance or nonfeasance in accordance with tbe provisions of Section 486-17», General Code. Consequently bis dismissal was wrongful.
 

 Tbe judgment of tbe Court of Appeals is accordingly reversed and final judgment rendered in favor of tbe plaintiff, making the injunction permanent.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Bell, Matthias and Hart, JJ., concur.
 

 Turner, J., dissents.