Bell, J.
 

 During the course of this opinion the city of Cincinnati will be designated as relator and Henry Urner, city auditor, and George C. Schiele, city treasurer, will be designated as respondents.
 

 A careful examination of the allegations of the petition discloses that no cause of action is stated against the respondent Schiele. Under the facts alleged in the petition (admitted to be true by the demurrer) Schiele as city treasurer had no authority to pay out any sum of money to Gerwin unless and until there was presented to such respondent a warrant drawn by the respondent Urner as city auditor. No such warrant having been presented for payment to respondent Schiele, it follows that he has failed to perform no duty specially enjoined by law and as to him the demurrer is well taken and should be and hereby is sustained.
 

 The remaining and ultimate question to be determined is whether respondent Urner was justified in law in refusing to issue the requested warrant in favor of Gerwin. If the position of “superintendent of recreation” is in the classified service of the city as claimed by respondent Urner, then he was justified in his refusal, otherwise not.
 

 
 *308
 
 In 1912, the people wrote Unto the Constitution a provision declaring the public policy of this state with reference to civil service and requiring that laws shall be passed for the enforcement of that constitutional provision (Section 10, Article XY). Thereafter the General Assembly passed what is commonly known as the Civil Service Code (Sections 486-la to 486-31, both inclusive, General Code). All offices and positions of trust or employment in the service of the state, counties, cities and city school districts are embraced within the term “civil service” (Section 486-la, General Code).
 

 Under the provisions of that code there are two divisions of civil service, the classified and unclassified, one distinction between them being that all appointments and promotions in the classified service are determined by competitive examination.
 

 The controversy in the instant case is centered around the question of whether the position of ‘ ‘ superintendent of recreation” of the city is in the classified or unclassified service.
 

 Relator contends that under the provisions of Section 486-8 (a) 8, General Code, the recreation commission has authority to appoint in the unclassified' service two secretaries, assistants or clerks and pursuant to that authority has appointed the “superintendent of recreation” in the unclassified service.
 

 Respondent Urner contends that the recreation commission is not a “principal appointive * * * commission” and therefore is not entitled to appoint two secretaries, assistants or clerks under the provisions of Section 486-8 (a) 8.
 

 The solution of that problem is not difficult.
 

 In the petition it is alleged that a “public recreation commission” is provided for by the charter of the city. While it is true that, undér the provisions of the charter set forth, the powers and duties of the commission are to be fixed by ordinance of the council, the char
 
 *309
 
 ter does provide that the commission shall expend all funds obtained from levies for recreational purposes, appropriated by other public bodies, or donated for such purposes to the city of Cincinnati or the public recreation commission. (Section 14, Article VII, Charter of city of Cincinnati.)
 

 In view of the fact that the commission is created by the organic law of the city (the charter) coupled with the fact that the charter vests the commission with exclusive authority to expend all funds which are to be expended for recreational purposes, we cannot agree that the recreation commission is not a “principal appointive’commission” as that phrase is used in Section 486-8 (a) 8, General Code. In our opinion the recreation commission is a principal appointive commission under that section and entitled to appoint two secretaries, assistants or clerks in the unclassified service.
 

 The second contention of respondent Urner is that “the position of superintendent of recreation, as created by ordinance No. 363-1946, does not fall within the category of ‘secretary, assistant or clerk.’ ”
 

 It should be noted that the words “secretary,” “assistant” and “clerk” are hot defined in the Civil Service Code and, therefore, under a familiar rule of statutory construction we must presume that the General Assembly used those words in their ordinarily accepted meanings.
 

 Webster’s International Dictionary defines those words as follows:
 

 “Secretary * * *. One entrusted with secrets * *
 

 “Assistant * # *. One who assists; helper * * *. A means of help; an auxiliary * *
 

 “Clerk * * *. One employed to keep records or accounts * * *; a scribe; an accountant; as, the
 
 clerh
 
 of a court; a town
 
 cleric
 
 * *
 

 Tested by those' definitions, the duties of the “superintendent of recreation” as defined in ordinance
 
 *310
 
 363-1946 are not inconsistent -with the duties of a secretary, assistant or clerk.
 

 This court had occasion to consider Section 486-8 (a) 8, General Code, in the case of
 
 State, ex rel. Myers,
 
 v.
 
 Blake, Dir.,
 
 121 Ohio St., 511, 169 N. E., 599.
 

 In that case the court was considering the question whether the chief of the division of boiler inspection was an assistant (within the meaning of the word “assistant” as used in Section 486-8 (a) 8, General Code) to the director of the department of industrial relations. There it was held that such chief was an “assistant” to the director and such position could be properly placed in the unclassified service as provided in such statute.
 

 We fail to discern any logical reason why the conclusion reached in the
 
 Myers case
 
 should not apply with equal force to the present situation.
 

 Respondent Urner urges that the exact question here in issue was presented and determined in the case of
 
 Deering
 
 v.
 
 Hirsch,
 
 146 Ohio St., 288, 65 N. E. (2d), 649. We do not think so.
 

 The
 
 Deering case, supra,
 
 presented the question of the authority of the recreation commission of the city of :Cincinnati to summarily dismiss the “director of recreation” under substantially the following factual situation.
 

 The position of “director of recreation” had been listed in the classified service of the city of Cincinnati for several years prior to 1931, and,. there being a vacancy in the position in that year, the civil service ■commission of that city took steps to hold a competitive examination for the selection of three names to certify to the recreation commission, from which that body might make a selection to fill the vacancy. Various persons throughout the country were invited to take the examination, with the assurance that the position was in the classified service. Among others Deering responded and had next to the highest grade in the
 
 *311
 
 examination. He was therefore one of three whose names were certified by the civil service commission to the recreation commission on its written request and he received the appointment. At the expiration of the probationary period his appointment was made permanent and he served in the position for more than 14 years prior to December 12, 1944.
 

 On that date the recreation commission passed a resolution which provided in substance that although the position of “director of recreation” had theretofore been treated as in the classified service, it was the unanimous opinion of the recreation commission that the position, being properly in the unclassified service, would therefore in the future be treated as in that service.
 

 Two days thereafter, the recreation commission determined by resolution to discontinue the plaintiff’s service as director of recreation as of December 31, 1944, and notified him of such action.
 

 After such notice Deering brought an action for injunction against the commission in the Court of Common Pleas of Hamilton county where an injunction was allowed. Upon appeal the Court of Appeals dissolved the injunction and dismissed the action. This court upon review reversed the judgment of the Court of Appeals and held that Deering was in the classified service and could not be dismissed except in accordance with the provisions of Section 486-17a, General Code.
 

 Keeping in mind that the syllabüs and opinion in the
 
 Deering case
 
 must be read in the light of the factual situation and the questions presented, we do not think that the conclusion there reached is inconsistent with our present views.
 

 It should be further noted that neither the ordinance creating the office of “director of recreation” nor the ordinance prescribing the duties thereof defined such officer as a “secretary” or “assistant.” (Sections
 
 *312
 
 5 and 6 of Article XIV of the Administrative Code of the city.)
 

 In the ordinance here under consideration (363-1946), it is specifically provided that the “superintendent of recreation” shall be the secretary and administrative officer to assist the commission in the direction and development of organized recreational activities. A perusal of the duties of such superintendent makes it abundantly clear that he is both a secretary of and an assistant to the recreation commission within the meaning of the word “secretary” and the word “assistant” as used in Section 486-8 (a) 8, General Code.
 

 There can be no serious question as to the right of the city to abolish the position of “director of recreation” nor as to its .right by ordinance to authorize the recreation commission to appoint a secretary and assistant under the name of ‘ ‘ superintendent of recreation.”
 

 The recreation commission, being a principal appointive'commission of the city, undoubtedly had, under the permissive authority of Section 486-8 (a) 8, General Code, the right to place the position of “superintendent of recreation” in the unclassified service and to fill such position by appointment without a competitive examination therefor.
 

 We are of the opinion that the respondent Urner was not justified in refusing to draw his warrant upon the city treasurer for the sum due Gerwin as compensation.
 

 ■ It follows that the writ should be and hereby is allowed.
 

 Writ alloioed.
 

 Weygandt, C. J., Turner, Matthias, Hart and Zimmerman, JJ., concur.
 

 Sohngen, J., not participating.