QUESTIONS: 1. May psychiatric aides, resident life assistants (aides), cottage parents, foster parents, or other persons with similar job descriptions orally administer prescribed, prepackaged, premeasured doses of medication; must this administration occur under the supervision of a physician, registered nurse, or dentist if the medication has already been properly prescribed; would these psychiatric aides, etc., be considered nursing assistants? 2. What is the definition of "medication" as used in the Nursing Act; is medication limited to those items which are normally dispensed only by prescription, so as to exclude aspirin, cold tablets, etc.?
SUMMARY: Psychiatric aides, resident life assistants (aides), cottage parents, foster parents, or other persons with similar job descriptions may orally administer prescribed, premeasured, prepackaged doses of medication to patients as a purely ministerial function of ensuring that such medication is taken by the patient or in assisting patients in taking the medication when the patients cannot take the medication by themselves, provided that such activity by a nursing assistant in the administration of medication of any description is performed under the adequate supervision of a physician, dentist, or registered nurse. In your letter requesting my opinion on the foregoing questions you have expressed a familiarity with AGO 075-218, wherein I treated substantially the same inquiry by your predecessor. It is my understanding that the above questions relate only to the amendments made in Ch. 464, F. S., by Ch. 75-273, Laws of Florida, and the manner in which that enactment would modify or alter, if at all, those conclusions reached in AGO 075-218. Furthermore, I must assume that the medication which would be administered by those persons enumerated in your inquiry is prescribed by a physician and the particular medication to be administered to a particular patient is placed in a labeled container by a physician or a registered nurse. The material amendment to Ch. 464, supra, implemented by Ch. 75- 273, Laws of Florida, with respect to the instant question is found within s. 464.22, which states: Exceptions. — No provision of this law shall be construed as prohibiting: * * * * * (5) The rendering of services by nursing assistants acting under the adequate supervision of a registered professional nurse. In AGO 075-218, the relevant statutory language with respect to the foregoing exception read in part "nor shall it be construed to prohibit the rendition of services by auxiliary workers acting under the adequate supervision of a registered nurse." Section 464.22, F. S. 1973. In this context the term "auxiliary" was said to be defined as, "helping or aiding; giving support; subsidiary or additional supplementary power." "A Helper or Aide." Texas Pacific Motor Transport Co. v. United States, 87 F. Supp. 107, 112 (N.D. Texas, Dallas Div., 1949). The term "assistant," when used as a noun, has been defined as, "a means of help; an auxiliary; one who assists; a helper." State ex rel. City of Cincinnati v. Urner, 70 N.E.2d 881, 884 (Ohio 1947). It has been held that the term implies a presumed absence of authority to use discretionary power. Lower v. State, 184 N.W. 174, 176, 106 Neb. 666; in accord, State ex rel. Dunn v. Ayers,113 P.2d 785, 788, 112 Mont. 120; State ex rel. Neffner v. Hummel,51 N.E.2d 900, 904, 142 Ohio St. 324. Based upon the homogeneous definitions of the terms "auxiliary" and "assistants" as used in the former and present s. 464.22, F. S., it is apparent that the Legislature, in amending Ch. 464, F. S., did not intend to change the law with regard to those individuals that are authorized to administer prescribed, premeasured, prepackaged doses of medication under adequate supervision of a registered nurse. It has been held that a mere change of language in a statute does not necessarily indicate an intent to change the law, for the intent may be to clarify what was doubtful and to safeguard against a misapprehension as to the existing law. State ex rel. Szabo Food Services, Inc. v. Dickinson, 286 So.2d 529 (Fla. 1973). The foregoing authorities support my conclusion that nursing assistants, i.e., psychiatric aides, resident life assistants (aides), foster parents, and individuals with similar job descriptions may orally administer medication or perform other purely ministerial acts such as assisting patients to take oral medications, when the medication cannot be taken by the patients themselves, or other similar services, so long as such assistance is not contrary to good medical practice based on the nature of the medication or treatment and is under the adequate supervision of a registered nurse. In AGO 075-218, I made the following comments: In rendering this opinion, I am mindful of s. 464.021(2) and (3), F. S., regarding the practice of professional nursing and the practice of practical nursing, respectively. Since there is no indication the medication to be administered by auxiliary personnel requires "substantial specialized judgment and skill" and is not "based on knowledge and the application of the principles of biological, physical or social science" as required by s. 464.021(2), it does not appear the ministerial acts to be performed by such personnel are included in the definition of "professional nursing." To construe otherwise would require that even the most routine medication or treatment (e.g., aspirin) would be required to be given by a registered nurse. Such a construction would not only place a substantial burden on the professional nurse but would also fail to utilize his or her professional training inasmuch as the nurse would be performing ministerial acts that could be performed by other staff personnel. It is a rule of statutory construction that courts will not ascribe to the legislature an intent to create an absurd or harsh consequence, so an interpretation avoiding absurdity is always preferred, City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950). Nor does the assistance in taking oral medication fall within the "practice of practical nursing" definition (requiring nursing acts in the care of the ill, injured, or infirm under the direction of a licensed physician or a licensed dentist or a registered professional nurse) which does not require the specialized skill, judgment and knowledge required in professional nursing but requires some basic knowledge of nursing care. Section 464.021(3), F. S. Unlike the provisions of s. 464.111(6)(a) and (b), F. S., which requires a practical nurse to have completed a course of nursing in an accredited school or to have completed at least 11/2!mfe!x years in an accredited professional school of nursing, the assistance provided by these auxiliary personnel appears to be merely ministerial in nature requiring no nursing skill and only at the direction and supervision of a licensed physician, a licensed dentist, or a registered nurse. Therefore, I am of the opinion that a psychiatric aide may orally administer prepackaged doses of medication where such medication has been premeasured and/or mixed and the aide's function is to merely insure that the medication is taken by the patient or to assist the patient in taking medication when such medication cannot be taken by the patient unassisted, provided such auxiliary worker is acting under the adequate supervision of a licensed physician, a licensed dentist, or a registered nurse. Inasmuch as the Legislature has not shown the intent to change the law with respect to "auxiliaries" or "assistants" performing purely ministerial functions under the adequate supervision of a registered nurse, it is my opinion that psychiatric aides, resident life assistants (aides), cottage parents, foster parents, or other individuals with similar job descriptions may orally administer prescribed, premeasured, prepackaged doses of medication to patients while acting under the adequate supervision of a physician, dentist, or registered nurse. The term "medicine" has been used as signifying a drug, or a remedial agent that has the property of curing or mitigating diseases or is used for that purpose. State v. Miller, 229 N.W. 569, 572, 59 N.E. 286; Commonwealth v. Seibert, 105 A. 507, 508, 262 Pa. 345. In its ordinary sense, as applied to human ailments, it means something which is administered, either internally or externally, in the treatment of disease or the relief of sickness, Kansas City v. Baird, 92 Mo. App. 204, 208. Any substance or preparation used in treating diseases and articles intended for use in the diagnosis, cure, medication, treatment, or prevention of disease in man or other animals have been held generally as being within the definition of the term "medicine." People v. Garcia, 32 P.2d 445,447, 1 Cal.App.2d 761; Justice v. State, 42 S.E. 1013, 1014,116 Ga. 605; Board of Pharmacy v. Quackenbush Co., 39 A.2d 28, 29, 22 N.J. Misc. 334. Section 465.031, F. S., defines "medicinal drugs" and "patents or proprietary preparations" for use in the Florida Pharmacy Act, Ch. 465, F. S. Section 465.031(5), F. S., provides that: The term "medicinal drugs" or "drugs" shall mean those substances or preparations commonly known as prescription legend drugs which are required by federal or state law to be dispensed only on a prescription, but shall not include patent or proprietary preparations as hereafter defined. Section 465.031(6), F. S., provides that:
The term "patents or proprietary preparations" shall mean a medicine in its unbroken original package which is sold to the public by, or under the authority of, the manufacturer or primary distributor thereof, and which is not misbranded under the provisions of the Florida Food, Drug, and Cosmetic Law.
Notwithstanding the distinctions made in the definitions of various types of medicines and medications by the Florida Pharmacy Act, it is apparent that the legislative intent underlying s. 464.22(5), F. S., is to require that nursing assistants in administering medication of any description or in the performance of any ministerial function or service in their capacity as aides or assistants act only under the adequate supervision of a registered nurse, a physician, or a dentist.