60498. BREWER et al. v. THE STATE.

CARLEY, Judge.

Defendants were convicted of cruelty to child under Code Ann. § 26-2801 and sentenced to serve ten years. The indictment alleged that defendants, the parents of Jason Michael Brewer, wilfully deprived the child of necessary sustenance, to wit: proper medical attention and sufficient food. Defendants appeal contending that the trial court erred in denying their motions for directed verdicts of acquittal and that the evidence was insufficient to support the verdicts.

1. Defendants argue that the trial court erred in denying their motions for directed verdict on the ground that the state's evidence failed to prove a necessary element of the offense charged, to wit: the element of wilfulness. Under the laws of this state, a person is not presumed to act with criminal intent, but the trior of facts, the jury in the present case, may find such intention after consideration of the conduct and demeanor of the defendant and all other circumstances connected with the act for which the defendant is charged. Code Ann. § 26-605. The question of criminal intent is for the trior of facts. *James v. State,* 232 Ga. 834 (209 SE2d 176) (1974); *Jerome v. State,* 143 Ga. App. 649 (239 SE2d 541) (1977). As this was an issue to be resolved by the jury, the trial court did not err in denying defendants' motions for directed verdicts. *Sheffield v. State,* 241 Ga. 245 (2) (244 SE2d 869) (1978).

2. Defendants also contend that on the basis of all the evidence, the circumstantial evidence presented by the state is not sufficient to support the verdicts. Pretermitting the applicability of *Justice v. State,* 116 Ga. 605 (42 SE 1013) (1902) to this case, we find the evidence sufficient to support the convictions under Code Ann. § 26-2801. The evidence adduced at trial shows that defendants carried the child to the hospital emergency room on November 2, 1979, at which time he was approximately 5-1/2 months old and in a critical condition suffering from severe malnutrition. Medical experts testified that the child's malnourished condition had existed for a

period of two to three months prior to November 2, 1979. The child died on November 3, 1979 and the pathologist testified that the cause of death was an infection secondary to severe malnourishment.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code Ann. § 38-109. "However, in order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. [Cit.] When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. [Cits.]" *Dowdy v. State,* 150 Ga. App. 137, 139 (257 SE2d 41) (1979).

In the case before us the jury was charged as to the state's burden of proof beyond a reasonable doubt and was charged as to the reasonable hypothesis rule. The evidence was sufficient to authorize the jury to find the defendants guilty of wilfully depriving the child of necessary sustenance to the extent that the child's health or well-being was jeopardized. Our review of the record convinces us that the verdicts are not insupportable as a matter of law and that a rational trior of fact could have found guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 16, 1980 — DECIDED
NOVEMBER 14, 1980.

*Steven E. Fanning,* for appellants.
*William F. Lee, Jr., District Attorney, Marc E. Acree, Assistant District Attorney,* for appellee.