The Honorable Alvin J. Taylor Secretary, Department of Health and Rehabilitative Services
QUESTIONS:
Does s. 464.022(5), F.S., authorize an unlicensed nurse's assistant, under the direct supervision of a registered professional nurse, to administer the following medications:
1. Topical ointments and creams;
2. All eye, ear, and nasal medications; and
3. Rectal and vaginal suppositories, ointments and creams?
SUMMARY:
An unlicensed nurse's assistant may administer topical ointments and creams, eye, ear or nasal medications, and rectal or vaginal suppositories, ointments, and creams as a purely ministerial function provided that such activity by an unlicensed nurse's assistant in the administration of medication of any description is performed under the direct supervision of a registered professional nurse.
As you are aware, this office has rendered two opinions in the past wherein the Attorney General treated the question of whether unlicensed nursing assistants, aides, or auxiliaries could, under proper supervision, orally administer prescribed, prepackaged, premeasured doses of medication to patients. In AGO 075-218, it was concluded as follows:
 A psychiatric aide may orally administer prepackaged doses of medication where such medication has been premeasured and/or mixed and prescribed by a physician and the aide's function is to merely insure that the medication is taken by the patient or to assist the patient taking medication when such medication cannot be taken by the patient unassisted, provided such auxiliary worker is acting under the adequate supervision of a licensed physician, a licensed dentist, or a registered nurse.
In AGO 076-149, the question was whether this office still held that opinion in view of certain amendments to the nurse practice act. It was determined that the conclusion reached in AGO 075-218 remained unchanged by the amendments. The operative statutory language upon which your question must be decided is as follows:
Not provision of this chapter shall be construed to prohibit:
 The rendering of services by nursing assistants acting under the direct supervision of a registered professional nurse. (s. 464.022(5), F.S. (1979).)
In AGO 076-149, supra, the word `assistant' was defined as `a means of help; an auxiliary; one who assists; a helper.' State exrel. City of Cincinnati v. Urner, 70 N.E.2d 881, 884 (Ohio 1947); Lower v. State, 184 N.W. 174, 176, 106 Neb. 666 (Neb. 1921); inaccord, State ex rel. Dunn v. Ayers, 113 P.2d 785, 788, 112 Mont. 120
(Mont. 1941); State ex rel. Neffner v. Hummel, 51 N.E.2d 900,904, 142 Ohio St. 324 (Ohio 1943).
My predecessor found that this definition assumes that an `assistant' lacks the authority to exercise discretionary judgment. Accordingly, it was opined that psychiatric aides, resident life assistants (aides), foster parents, and individuals with similar job descriptions may orally administer medication orperform other purely ministerial acts such as assisting patients to take oral medications, when the medication cannot be taken by the patients themselves, or other similar services, so long as such assistance is not contrary to good medical practice based on the nature of the medication or treatment and is under the adequate supervision of a registered nurse.
Although the inquiries and, therefore, the responses, in AGO's 075-218 and 076-149 concerned only the oral administration of prescribed, premeasured and prepackaged medicines, I am of the opinion that unlicensed nursing assistants are not limited to the oral administration of such medicines and that such nurse assistants may administer the medication described in your question under the direct supervsion of a registered professional nurse.
The term `medicine' has been used as signifying a drug, or a remedial agent that has the property of curing or mitigating diseases or is used for that purpose. State v. Miller,229 N.W. 569, 572 (N.D. 1930); Commonwealth v. Seibert, 105 A. 507, 508,262 Pa. 345 (Pa. 1918). In its ordinary sense, as applied to human ailments, it means something which is administered, either internally or externally, in the treatment of disease or the relief of sickness. Any substance or preparation used in treating diseases and articles intended for use in the diagnosis, cure, medication, treatment, or prevention of disease in man or other animals have been held generally as being within the definition of the term `medicine.' People v. Garcia, 32 P.2d 445, 447,1 Cal.App.2d 761 (Cal. 1945); Justice v. State, 42 S.E. 1013, 1014,116 Ga. 605 (Ga. 1902); Board of Pharmacy v. Quackenbush Co.,39 A.2d 28, 29, 22 N.J. Misc. 334 (S.J. 1940). See AGO 076-149. It does not appear to me that the administration of duly prescribed topical ointments and creams, eye, ear and nasal medications, or rectal and vaginal suppositories would be any less a ministerial act or require any more discretion or judgment than would the oral administration of prescribed, premeasured and prepackaged medicines referred to in AGO's 075-218 and 076-149, so long as the medications are duly prescribed, properly premeasured and are administered under the direct supervision of a registered professional nurse.
In AGO's 075-218 and 076-149, my predecessor noted that the oral administration of prescribed, premeasured and prepackaged medicines to patients by persons such as nursing assistants would not appear to require that `substantial specialized knowledge, judgment, and nursing skill', which would bring an act within the definition of the practice of professional nursing. He further found that such administration of medications would not fall within the definition of the practice of practical nursing which required some basic knowledge of nursing care above and beyond that required to orally administer or assist a patient to self-administer oral drugs. My predecessor observed that to conclude that nursing assistants could not perform these ministerial functions would not only place a substantial burden on the professional nurse but would also fail to utilize his or her professional training inasmuch as the nurse would be performing ministerial acts that could be performed by other staff personnel. It is a rule of statutory construction that courts will not ascribe to the Legislature an intent to create an absurd or harsh consequence so an interpretation avoiding absurdity is always preferred, City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950).
As noted above, I do not believe that administration of the topical medications described in your question would be less a ministerial function than the oral administration of the prescribed, premeasured and prepackaged medications referred to in AGO's 075-218 and 076-149. Moreover, I do not believe that such acts would require that specialized knowledge, judgment and skill required for acts falling within the practice of professional nursing or basic knowledge and skill required for practical nursing.
Prepared by: Frank A. Vickory, Assistant Attorney General