## 37936. CABY et al. v. THE STATE.

SMITH, Justice.
Appellants, a married couple, were each convicted of two counts
of cruelty to children. Because the constitutionality of Code Ann. §
26-2801 (a) has been called into question, this court has jurisdiction
to decide the appeal. Because the evidence does not support the
convictions on one of the counts, we affirm in part and reverse in part.

1. Appellants attack the constitutionality of Code Ann. §
26-2801 (a) on grounds of vagueness and overbreadth.

a) Code Ann. § 26-2801 (a) provides: "A parent, guardian, or
other person supervising the welfare of or having immediate charge
or custody of a child under the age of 18 commits cruelty to children
when he wilfully deprives the child of necessary sustenance to the
extent that the child's health or well-being is jeopardized."
Appellants assert that the inherent vagueness in the phrase

"necessary sustenance" renders the statute unconstitutional.

The "prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness for '(i)n most English words and phrases there lurk uncertainties'. . . . All the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden." Rose v. Locke, 423 U. S. 48, 49-50 (96 SC 243, 46 LE2d 185) (1975). "A criminal statute is sufficiently definite if its terms furnish a test based on normal criteria which men of common intelligence who come in contact with the statute may use with reasonable safety in determining its command." *Wilson v. State,* 245 Ga. 49, 53 (262 SE2d 810) (1980); United States v. Petrillo, 332 U. S. 1, 8 (67 SC 1538, 91 LE 1877) (1946).

Applying this standard, we must conclude that Code Ann. § 26-2801 (a) is not unconstitutionally vague for the reason assigned by appellants. "Sustenance is 'that which supports life; food; victuals; provisions;' . . . Our statute, in the use of the word 'sustenance,' means that necessary food and drink which is sufficient to support life and maintain health." *Justice v. State,* 116 Ga. 605 (42 SE 1013) (1902); see United States v. Vuitch, 402 U. S. 62 (91 SC 1294, 28 LE2d 601) (1971).

b) We also find appellants' "overbreadth" challenge to be without merit.

"A law is void on its face if it 'does not aim specifically at evils within the allowable area of (government) control, but . . . sweeps within its ambit other activities that constitute an exercise' of protected expressive or associational rights." Tribe, American Constitutional Law, § 12-24, p. 710, quoting Thornhill v. Alabama, 310 U. S. 88, 97 (60 SC 736, 84 LE 1093) (1940). "[P]articularly where conduct and not merely speech is involved, . . . the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." Broadrick v. Oklahoma, 413 U. S. 601, 615 (93 SC 2908, 37 LE2d 830) (1973).

Under the above authorities, Code Ann. § 26-2801 (a) is clearly not void for overbreadth. The statute is not designed to reach legitimate child rearing functions, nor could it reasonably be so construed. See *Davis v. State,* 234 Ga. 730, 733 (218 SE2d 20) (1975).

2. The evidence adduced at trial showed that appellants have two children. The husband is a traveling painter who specializes in truck lettering. For approximately three years prior to their arrest, appellants have been traveling throughout the country, staying close to truck stops where truck drivers congregate. They arrived in

34

Valdosta on February 28, 1981, and registered at a local motel.

On March 21, 1981, a motel clerk found both of appellants' children — David, age 13 months, and Samuel, age two and one-half months — in the motel room unattended. She called the police, who arrested appellants at a local bar and had the children placed in the custody of the Department of Family and Children Services. A DFCS representative, who observed the children at this time, described them as "very pale and very thin." A deputy stated that the younger child "appeared neglected to me."

Following appellants' arrest, Dr. Daniel Fellman, a pediatrician, examined both children. He served as the state's main witness at trial. The doctor testified that the older child "did not respond to me in a way which I would expect a thirteen month old to respond. He laid on the stretcher of the — stared straight ahead, made no mobilizations, made no objections to me moving him and in fact did not make any spontaneous movements . . . He had decreased, what I call subcutaneous tissue, which is the tissue between the skin and the muscle layer. He had spindly arms and legs with decreased musculature." The doctor characterized the absence of subcutaneous tissue in the child as "abnormal," noting that a child of David's age should weigh between 19 and 27 pounds, while David weighed just over 14 pounds. He concluded that the child "had been deprived of proper socialization and proper caloric intake for normal development." Under the care of DFCS, the child attained normal weight.

With respect to the younger child, the doctor testified: "He did not appear to be as severely affected as David. He appeared to be better nourished. He responded the way I would expect a two month old infant to respond. He did have some slight decrease of subcutaneous tissue. Not very much." A child of Samuel's age, the doctor noted, should weigh between 8 pounds, four ounces and 14 pounds. Samuel weighed 9 pounds 3 1/2 ounces.

While appellants clearly were not financially secure, the record does show they had money to spend drinking large amounts of beer in a local bar.

We conclude that the evidence adduced at trial is sufficient to authorize the convictions arising out of appellants' treatment of their older child. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The other convictions, however, cannot stand. From the evidence, a rational trier of fact would not be authorized to find beyond a reasonable doubt that appellants had deprived their younger child of "necessary sustenance" to the extent that his "health or well-being [was] jeopardized."

*Judgment affirmed in part; reversed in part. All the Justices*

*concur, except Marshall, J., who dissents to the judgment of reversal.*

DECIDED FEBRUARY 17, 1982.

Richard M. Cowart, for appellants.

H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney, Michael J. Bowers, Attorney General, for appellee.