S92A1552. THE STATE v. LAWRENCE.
(425 SE2d 280)

FLETCHER, Justice.

Kim Lawrence was charged, in Count 3 of a nine-count indictment, with the felony murder of her minor son, Taiwan Kelley. Count 3 described the alleged crime more particularly as follows:

> [W]hile in the commission of the offense of Cruelty To Children, [Lawrence] did cause the death of Taiwan Kelley, a human being, by depriving Taiwan Kelley of necessary sustenance, to-wit: oxygen, by setting fire to a residence occupied by Taiwan Kelley, thereby jeopardizing Taiwan Kelley's health and well being[.]

In Count 6 of the same indictment, Lawrence was charged with cruelty to children, with that alleged crime described more particularly as follows:

> [Lawrence] being the parent of Taiwan Kelley, a child under 18 years of age, willfully deprived Taiwan Kelley of necessary sustenance, to-wit: oxygen, by setting fire to a residence occupied by Taiwan Kelley[.]

Lawrence filed a pre-trial motion seeking, among other things, to have Counts 3 and 6 of the indictment dismissed. Following a hearing on the motion, the trial court granted Lawrence's motion, in part, by dismissing Counts 3 and 6. It is from the dismissal of those counts that the state appeals. We affirm.

OCGA § 16-5-70 (a) provides:

(104 SC 1805, 80 LE2d 311) (1984) (Justice Powell concurring).]

A parent, guardian, or other person supervising the welfare of or having immediate charge or custody of a child under the age of 18 commits the offense of cruelty to children when he willfully deprives the child of necessary sustenance to the extent that the child's health or well-being is jeopardized.

The issue presented on appeal is whether oxygen is "necessary sustenance" within the context of the statute. The state argues that it is and urges this court to overrule a line of cases in which we have defined "necessary sustenance," in the context which that term is used in what is now OCGA § 16-5-70 (a), as "that necessary food and drink which is sufficient to support life and maintain health." *Justice v. State*, 116 Ga. 605, 606 (42 SE 1013) (1902); *Caby v. State*, 249 Ga. 32, 33 (287 SE2d 200) (1982).

The present definition has been in place for over 90 years and, with it, OCGA § 16-5-70 (a) has withstood constitutional challenges which have alleged that the statute is void for vagueness and overbreadth. Accord *Caby*, 249 Ga. at 33. As the expanded definition of "necessary sustenance" which the state urges us to adopt may well create constitutional flaws in the statute, we decline the state's invitation and reaffirm the definition of that term first announced by this court in *Justice*, 116 Ga. at 606.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Sears-Collins and Hunstein, JJ., concur.*

DECIDED FEBRUARY 5, 1993.

*Robert E. Wilson, District Attorney, J. Michael McDaniel, Assistant District Attorney,* for appellant.

*Marger & Moore, Edwin J. Marger, Douglas H. Flint,* for appellee.