### A07A1072. WILLIAMS v. THE STATE.
(647 SE2d 324)

PHIPPS, Judge.

Jason Williams was convicted of cruelty to children in the first degree and reckless conduct. For the first conviction, he was given a sentence of ten years imprisonment followed by ten years probation. For the second, he was given a concurrent sentence of 12 months imprisonment. In this appeal, he challenges the sufficiency of the evidence and contends that the court erred in considering certain matters in sentencing. Finding neither evidentiary insufficiency nor error in sentencing, we affirm.

1. Williams challenges the sufficiency of the evidence to support his conviction of cruelty to children in the first degree.

Under OCGA § 16-5-70 (a), "[a] parent, guardian, or other person supervising the welfare of or having immediate charge or custody of a child under the age of 18 commits the offense of cruelty to children in the first degree when such person willfully deprives the child of necessary sustenance to the extent that the child's health or well-being is jeopardized." In addition, under OCGA § 16-5-70 (b), "[a]ny person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." Therefore, under OCGA § 16-5-70 (a) and (b), cruelty to children in the first degree can be committed in two alternative ways.

The defendants in *Caby v. State*[1] challenged the constitutionality of OCGA § 16-5-70 (a) based on vagueness in the phrase "necessary sustenance." That challenge was rejected because, within the context of this statute, the word "sustenance" had been interpreted to mean

---

[16] See *Anderton*, supra.
[1] 249 Ga. 32 (287 SE2d 200) (1982).

only " 'that necessary food and drink which is sufficient to support life and maintain health.' "[2] In *State v. Lawrence*,[3] an indictment charged the defendants with cruelty to children by depriving their child of necessary sustenance, to wit: oxygen, by setting fire to a residence. Refusing to expand the definition of "necessary sustenance" as used in the cruelty to children statute, *Lawrence* affirmed the trial court's dismissal of that charge.

For purposes of OCGA § 16-5-70 (b), malice "imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result."[4]

Williams was charged with one count of cruelty to children in the first degree based on essentially two sets of allegations. In part, the indictment alleged that Williams had wilfully deprived his child, D. W., of necessary sustenance by failing to provide medical attention for burn injuries which the child had suffered while in Williams's care, to the extent that the child's health and well-being were jeopardized. Under decisions such as *Caby* and *Lawrence*, however, "sustenance" would not include medical care. But the indictment additionally alleged that Williams had maliciously caused the child cruel and excessive physical and mental pain by failing to promptly provide medical attention and treatment to him. Williams was thus charged with one count of cruelty to children in the ways set forth in both OCGA § 16-5-70 (a) and (b).[5] Under these circumstances, Williams could be convicted of cruelty to children in the first degree by proof that he committed the crime in either way alleged in the indictment.[6]

The evidence, viewed in a light most favorable to support the verdict, was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Williams maliciously caused the child cruel and excessive physical and mental pain by failing to promptly

---

[2] Id. at 33 (1) (a) (citations omitted).

[3] 262 Ga. 714 (425 SE2d 280) (1993).

[4] *Delacruz v. State*, 280 Ga. 392, 395 (3) (627 SE2d 579) (2006) (citation and punctuation omitted).

[5] Williams was also charged with aggravated battery, based on allegations that he had maliciously caused bodily harm to the child by seriously disfiguring his body and by rendering various members of his body useless by burning him in hot water. The jury did not find Williams guilty of aggravated battery but found him guilty of reckless conduct as a lesser included offense.

[6] See Daniel's Georgia Criminal Trial Practice, § 13-15, p. 544 (2007 ed.), citing *Jones v. State*, 75 Ga. App. 610, 614-615 (4) (44 SE2d 174) (1947), and *Southern Express Co. v. State*, 1 Ga. App. 700 (58 SE 67) (1907).

provide medical attention and treatment to him.[7] The evidence in this regard showed that Williams and Nycole Hillebrandt were the parents of eleven-month-old D. W. and his six-week-old younger brother. On the day in question, Williams was left home alone with his two sons after Hillebrandt went to work that morning. After Williams had run extremely hot bath water for himself later in the day, D. W. somehow got into the tub and received extensive burns causing serious injuries. Upon discovering the child's injuries, Williams delayed calling for emergency medical assistance for over an hour because he was afraid that he would get into trouble because the child was injured while in his care. Williams gave materially inconsistent statements to a number of people as to the circumstances surrounding the child's injuries, and medical experts testified on behalf of the state that the child's injuries could not have occurred in the way described by Williams. We find this evidence sufficient to support Williams's conviction of cruelty to children in the first degree.

2. Williams suggests that because the jury did not find him guilty of aggravated battery,[8] its verdict on the lesser included offense of reckless conduct constituted a finding that he did not intentionally inflict the burn injuries on the child. Williams contends that this case should, therefore, be remanded for resentencing, because the court commented at the sentencing hearing that there was a substantial and significant amount of evidence that Williams had acted intentionally. We find no merit in this contention for several reasons.

To begin with, we do not interpret the jury verdict as necessarily reflecting a finding that Williams did not intentionally inflict the burn injuries on the child. And even a jury finding that the state had not proven beyond a reasonable doubt that Williams had intentionally inflicted the burn injuries would not have precluded the court from considering, for sentencing purposes, evidence in support of a finding that he had acted intentionally in that regard. Moreover, additional comments by the court at the hearing on Williams's motion for new trial show that it ultimately based its sentence on its determination that the delay in seeking medical attention rather than the burning itself was intentional. We thus find no cause for resentencing.[9]

3. Williams charges the trial court with error in considering a presentence report in aggravation of punishment, because information in the report adverse to him was not made known to the defense

---

[7] See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[8] See n. 5, supra.

[9] Compare *Blake v. State*, 273 Ga. 447, 449-450 (4) (542 SE2d 492) (2001).

before the hearing so as to give him an opportunity for explanation or rebuttal as previously required by Georgia law.[10]

But the transcript of the sentencing hearing contains no indication that the court relied on the contents of the report in imposing Williams's sentence. And comments made by the court at the hearing on Williams's motion for new trial show that it did not in fact consider the contents of the report. Therefore, no error has been shown.[11]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 31, 2007.

*Stacy D. Barnett*, for appellant.
*Garry T. Moss, District Attorney, Lara A. Snow, Assistant District Attorney*, for appellee.

---

[10] See former OCGA § 17-10-2 (a) (prior to its 2005 amendment).
[11] See *Denny v. State*, 226 Ga. App. 432, 436 (13) (486 SE2d 417) (1997).