## A09A1945. GARRETT v. THE STATE.

(685 SE2d 355)

MIKELL, Judge.

After a jury trial, Morgan James Garrett was convicted of four counts of cruelty to children in the first degree (Counts 1, 3, 4, and 5), aggravated battery (Count 2), and family violence battery (Count 6). Garrett received an aggregate sentence of 80 years, with 40 to serve.[1] On appeal, Garrett argues that the evidence was insufficient to support his convictions for cruelty to children and aggravated battery. We affirm.

Construed in favor of the verdict, the evidence shows that in December 2007, Garrett moved from Florida to Cartersville, with Amanda May, his girlfriend, and her children, four-year-old A. M. and three-year-old D. M. Garrett, May, and the children lived with Garrett's grandmother, Doris Echelman, for two months, and then moved into a trailer. On March 1, 2008, appellant's sister, Amanda Garrett, and A. M. were both visiting Echelman, when Amanda noticed that a burn on the little girl's leg was making her uncomfortable and took the child to the hospital. Amanda testified that the burn was draining and caused the child to limp; and that she noticed other bruises on A. M.'s back, head, neck, shoulder, and her bottom. When asked what A. M. told her about the burn on her leg, Amanda testified that A. M. offered conflicting stories, including that Garrett was responsible for her injuries. Amanda also testified that she had seen marks on D. M.

Dr. Keith Peacock testified that he examined A. M. in the emergency room; that A. M.'s forehead was very bruised; that A. M. had several areas of bruising on her back that were in various stages of healing; and that she had a second degree burn on her thigh. Dr.

---

citing *Brock v. Brock*, 279 Ga. 119, 121 (3) (610 SE2d 29) (2005).

[1] The trial court merged Count 6 into Count 5 and sentenced Garrett to twenty years to serve ten on each count, with Counts 1, 2, 4, and 5 to run consecutively, and Count 3 to run concurrent to the sentence imposed on Count 2.

Peacock described the injuries to A. M.'s head and back as "dramatic" and testified repeatedly that A. M. said that "Daddy James" caused her injuries.

Heather Shook, who assisted Dr. Peacock, testified that she saw bruising above the child's right eye; that A. M. told her that the bruise to her head occurred when the appellant pushed her in the bathroom and caused her to hit her head on a basket; and that A. M.'s neck was bruised, which A. M. told her was caused when appellant "put mean hands on her to hurt her." Shook further testified that she saw circular bruises on A. M.'s right wrist and bottom, the second degree burn on her thigh, and the bruises on her back. Shook recalled that A. M. said that Garrett put handcuffs on her wrist, poured hot water on her thigh, and punched her in the back.

Investigator Russell Ballard of the Bartow County Sheriff's Office testified that the hospital notified him of A. M.'s injuries, which he described as "severe," and that he went to Garrett's home to investigate, where he found Garrett, May, and D. M. after the officers were forced to pry the door open. Ballard observed that D. M. had injuries to his chin and left arm, and bruises on his left side groin area and bottom.

May pleaded guilty to the offenses charged in the instant case, was sentenced to twenty years to serve five, and agreed to testify as a part of her plea deal. May testified that her children called Garrett "Daddy James," that Garrett was a good stepfather despite the injuries to her children, and that she did not believe that he purposely hurt the children. May admitted that she told Ballard that Garrett had whipped her children and left marks on them before and that she had instructed him not to touch them again, but Garrett told her that he received whippings as a child and was going to discipline the children as needed.

May explained that on the day that A. M. was burned, their water heater was broken, causing the water to be scalding hot periodically. Additionally, Garrett bathed A. M. that day because she had wet herself; that Garrett did nothing to treat A. M.'s burn; and that she tried to treat the burn herself but did not take A. M. to the hospital as the injury worsened. May also testified that Garrett "played rough" with the children and would pretend that he was a dog and chase the children and bite them. Regarding D. M.'s injuries, May acknowledged that D. M. had a scrape on his chin, a bruise on his wrist, and a burn on his finger from a space heater, which she treated with neosporin. The pictures of the children's injuries were introduced into evidence.

Garrett testified that he did not cause any of A. M.'s injuries and

that he only whipped D. M. one time. He further testified that May was responsible for disciplining her children and frequently whipped them on their bottoms and slapped them in their faces, while he only used "time-out" to discipline them. Additionally, Garrett stated that he often returned home to find more marks on the children, which May claimed resulted from accidents. In his brief, Garrett argues that his convictions must be reversed because there was no evidence that he acted maliciously, that there were other explanations for the injuries, and because May admitted to hitting the children. We disagree.

In the indictment, Garrett and May were charged with cruelty to children for maliciously causing A. M. cruel and excessive pain by burning her (Count 1), aggravated battery for seriously disfiguring A. M.'s leg by burning her (Count 2), cruelty to children for beating A. M. (Count 3), cruelty to children for failing to seek timely medical attention for A. M. (Count 4), cruelty to children for beating D. M. (Count 5) and family violence battery for beating D. M. (Count 6).

> On appeal, . . . the defendant no longer enjoys a presumption of innocence; . . . this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. [Therefore,] [a]s long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[2]

In the instant case, the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Garrett committed each of the charged offenses.[3]

Pursuant to OCGA § 16-5-70 (b), "[a]ny person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain."

> For purposes of this Code section, malice in the legal sense, imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such

---

[2] (Punctuation and footnotes omitted.) *Daniel v. State*, 296 Ga. App. 513 (1) (675 SE2d 472) (2009).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

harm may result. Intention may be manifest by the circumstances connected with the perpetration of the offense. Intent is a question of fact to be determined upon consideration of words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.[4]

Consequently, the question of a defendant's mental state and whether the children experienced cruel or excessive physical or mental pain are reserved for the jury.[5]

Dr. Peacock testified that A. M. had multiple injuries, that some type of blunt trauma caused her back injuries; that he had never seen this type of bruising from a fall; that the burn injury could have been caused by someone pouring hot water on A. M.; that the bruising on A. M.'s back was possibly caused by someone beating her on the back with a belt; and that the bruising on her head could have been caused by someone pushing her into a table. This testimony and the testimony of other witnesses who observed A. M.'s injuries and stated that A. M. said that Garrett caused her injuries, supported the jury's finding that Garrett committed first degree cruelty to children when he burned and beat A. M. (Counts 1 and 3).

There was no medical testimony about D. M.'s injuries, but photographs of his injuries were introduced at trial. Several witnesses also testified that they saw marks and bruising on his body, and Garrett admitted to whipping him once and claimed that D. M. burned his finger on a space heater. Here, the evidence of D. M.'s injuries, along with the evidence that Garrett abused A. M., was sufficient to support Garrett's conviction of first degree cruelty to D. M. as well (Count 5).

Garrett's argument that there was no evidence that he had the requisite intent to support the cruelty to children charges simply lacks merit. As stated above, intent is a question for the jury, which is authorized to consider all other circumstances connected with the act at issue as well as the defendant's words, conduct and demeanor.[6] "We will affirm the jury's finding of intent unless clearly erroneous."[7] Here there was evidence from which the jury could infer that Garrett intended to cause the children excessive physical harm. Additionally, we have held that "[m]alice, as an element of the crime

---

[4] (Citation and punctuation omitted.) *Brewton v. State*, 266 Ga. 160, 161 (2) (465 SE2d 668) (1996).

[5] See *Hinds v. State*, 296 Ga. App. 80-81 (1) (673 SE2d 598) (2009).

[6] See *Lee v. State*, 275 Ga. App. 93, 94 (619 SE2d 767) (2005).

[7] (Citations and punctuation omitted.) *Legan v. State*, 289 Ga. App. 244, 246 (1) (656 SE2d 879) (2008). See also *Lee*, supra.

of cruelty to children, can be shown by intentionally and unjustifiably delaying necessary medical attention for a child, as that delay may cause the child to suffer from cruel and excessive physical pain."[8] The record shows that Garrett did not seek treatment for A. M. after the burn on her leg occurred. Instead, A. M. was taken to the hospital after Garrett's sister observed that the burn on the child's leg had worsened. Thus, the evidence supports Garrett's conviction of first degree cruelty to children for failure to seek medical attention (Count 4).[9]

Finally, the record supported Garrett's conviction of aggravated battery (Count 2).

> A person commits the offense of aggravated battery when he maliciously causes bodily harm to another by seriously disfiguring her body. Serious disfigurement refers to gravely or greatly impairing or injuring the appearance of a member of a victim's body, even if only temporarily. . . . Whether the injuries [are] seriously disfiguring [is] a jury question.[10]

Dr. Peacock described A. M.'s burn as a second degree burn. He explained that her skin had blistered and had been "sloughed off" in spots; that there was drainage from the area; that he would have treated the pain from the burn with oral pain medication and kept it covered and away from rough clothing. As the evidence supports the jury's finding of guilt beyond a reasonable doubt, we affirm the aggravated battery conviction.[11]

Garrett also argues that his convictions should be reversed because May caused the children's injuries or that there were other reasonable explanations for their injuries. But

> [q]uestions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every rea-

---

[8] (Citation and punctuation omitted.) *Delacruz v. State*, 280 Ga. 392, 396 (3) (627 SE2d 579) (2006).

[9] See *Freeman v. State*, 293 Ga. App. 490, 492 (1) (667 SE2d 652) (2008) ("failure to procure proper medical attention for a child's injuries constitutes sufficient proof of cruelty to children") (footnote omitted); *Williams v. State*, 285 Ga. App. 628, 630 (1) (647 SE2d 324) (2007) (delay in calling for emergency medical assistance for over an hour to address victim's extensive burns supported conviction for cruelty to children).

[10] (Punctuation and footnotes omitted.) *Ferrell v. State*, 283 Ga. App. 471, 473 (2) (641 SE2d 658) (2007).

[11] See *Glover v. State*, 292 Ga. App. 22, 25 (1) (663 SE2d 772) (2008) (evidence that victim suffered burns caused by an unknown object sufficient to support conviction for aggravated battery).

sonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law.[12]

We see no reason to disturb the jury's findings here.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 7, 2009.

*Marion A. Clark II, Kelley A. Dial*, for appellant.

*T. Joseph Campbell, District Attorney, Elizabeth M. York, Assistant District Attorney*, for appellee.

---

[12] (Footnote omitted.) *Hinds*, supra at 82 (1) (b).