## 67613. McGAHEE v. THE STATE.

BIRDSONG, Judge.

Glenda Gloria McGahee was tried and convicted of cruelty to children, a violation of OCGA § 16-5-70. She appeals. *Held*:

1. Appellant complains, on the general grounds, that there is not sufficient evidence of the statutory intent to sustain the conviction of the offense charged. OCGA § 16-5-70 (b) provides: "Any person commits the offense of cruelty to children when he maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." The offense arose from a beating the appellant gave her six-year-old daughter. The appellant admitted in a statement that she used a belt and a switch to punish the child. In court, appellant only admitted using a switch; she said, however, that she had gotten carried away in her anger at the child's misbehavior and had repeatedly struck her. Testimony of witnesses and photographs in evidence showed numerous deep cuts and bruises about the child's thighs, buttocks, back, arms, and trunk. Her injuries were discovered the next day by school authorities who first noticed the child's extreme and unusual listlessness.

Appellant contends the element of statutory intent to "maliciously cause . . . cruel or excessive physical or mental pain" was insufficiently shown because she earnestly maintained that she did not mean to hurt the child. Her intent, however, was a question of fact to be determined upon consideration of "words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. The jury's finding of intent will not be set aside unless it is clearly erroneous. *Riddle v. State*, 145 Ga. App. 328 (1) (243 SE2d 607), overruled on other grounds, *Adsitt v. State*, 248 Ga. 237, 240 (282 SE2d 305). Moreover, appellant is presumed to have intended the necessary and legitimate consequences of the beating of her daughter (*M. J. W. v. State of Ga.*, 133 Ga. App. 350, 351 (210 SE2d 842)). The intention with which an act is done is peculiarly a question for the jury (*M. J. W.*, supra), and in view of OCGA §§ 16-2-4 and 16-2-5, the jury was authorized in this case in finding as no excuse the appellant's statement that she did not mean to do what she did.

2. Similarly, appellant complains of the trial court's refusal to give her requested charges defining "malice" and "maliciously," and defining "intent."

The appellant's requested charges concerning malice would have required the finding of the "deliberate intent to inflict the cruel acts without excuse or justification or mitigation [and] a state of mind [which is] a premeditated, deliberate intention and desire to inflict the cruel act or acts upon the child." Appellant cites Mason v.

Balkcom, 487 FSupp. 554 for this proposition. She requested a charge that express malice requires a finding of "deliberate intent" to inflict cruelty and that implied malice be found only where all the circumstances of the cruelty show an abandoned and malignant heart. (See OCGA § 16-5-1.) All of these requests are deficient. "Deliberate intent" to inflict cruelty may be found from all the circumstances of a case, and malice may be proved by much less than the "premeditated, deliberate intention and desire and design to unlawfully inflict the cruel act" upon the child and by less than an abandoned and malignant heart.

The trial judge properly charged that "a malicious act has been defined as a wrongful act intentionally done without legal justification or excuse, an unlawful act done wilfully and purposely to injure another. Maliciously imports a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injury or in a reckless disregard of another's rights." This charge was correct. " 'Malicious' in its broad sense does not necessarily mean ill will or hatred. 'In a legal sense, any act done wilfully and purposely to the prejudice and injury of another, which is unlawful, is, as against that person, malicious.' " *Pollard v. Phelps*, 56 Ga. App. 408, 418 (193 SE 102); see also *Jones v. State*, 29 Ga. 594, 607-608.

Appellant, in essence, has asked us to sanction cruelty to children so long as she "did not mean to hurt" the child substantially and had no actual hatred and ill will in her heart. We cannot follow this reasoning. Her deliberate intent, as well as her malice, was proven by the consequences of her act in this case (see OCGA §§ 16-2-4 and 16-2-5).

In connection with "intent," appellant proposes that so long as a defendant requests a certain charge in writing, even if it is not a perfect statement of the law, the trial court is required to charge it "or at least some reasonably altered version thereof," and that the failure to do so is error. This is not the law. Where a trial court gives its own charge, which is correct substantially and covers the subject matter of an authorized requested charge, there is no error. *Stephens v. State*, 164 Ga. App. 614 (3) (298 SE2d 621).

3. Lastly, appellant McGahee contends the trial court erred in overruling her objections to the descriptions volunteered by witnesses of "old marks" and "older marks" which they observed on the child and in photographs. Appellant contends these references were an attempt to create malice where none existed. However, even assuming the references were inadmissible, there was ample evidence of the new and fresher marks and wounds, which were the subject of this offense, to show the existence of malice and to render harmless beyond a reasonable doubt the reference to old marks. It is more than highly probable these remarks did not affect this verdict. *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515); *Cauley v. State*, 130 Ga. App. 278, 286-

288, 293 (203 SE2d 239).
*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 12, 1984.

*O. L. Collins*, for appellant.
*Sam B. Sibley, Jr., District Attorney, George N. Guest, Charles R. Sheppard, Assistant District Attorneys*, for appellee.