A92A0695. STOKES v. THE STATE.
(420 SE2d 84)

ANDREWS, Judge.

A jury convicted Stokes of cruelty to children under an indictment charging that she forced her two-year-old child to sit in a tub of hot water thereby causing severe burns to the child's body.

1. Stokes first claims that the trial court erred in admitting three photographs depicting second and third degree burns suffered by the child. Stokes argues the inflammatory nature of the photographs outweighed any probative value, and that one of the photographs was duplicative of another. The first photograph showed burns on the child's foot and heel. The second was a close-up photograph of the buttocks area revealing severely blistered, bubbled, and peeled away patches of burned skin. The third photograph, taken from a distance, showed the entire burned area of the buttocks.

The trial judge reviewed these photographs, found no duplication, and we agree. Photographs showing the extent of injuries suffered by the victim of the alleged criminal act are relevant at the trial of the defendant, and are admissible despite allegations that they may inflame and prejudice the jury. *Associated Health Systems v. Jones*, 185 Ga. App. 798, 803 (366 SE2d 147) (1988); *Johnson v. State*, 184 Ga. App. 745, 746 (362 SE2d 450) (1987). There was no

error in admission of the photographs.

2. Secondly, Stokes asserts the evidence was insufficient to support the verdict. Where a criminal conviction is challenged on the basis that the evidence is insufficient, the appellate court views the evidence in the light most favorable to the finding of guilt to determine whether there was sufficient evidence for a rational trier of fact to conclude that the defendant was guilty beyond a reasonable doubt. *Britt v. State*, 202 Ga. App. 689, 690 (415 SE2d 492) (1992); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence shows that Stokes brought her two-year-old child to Tattnall Memorial Hospital suffering from severe second and third degree burns to the buttocks, foot and hand. Stokes first claimed that the burns occurred when the child knocked a pot of hot water onto herself, and fell on the floor in the water. After an initial investigation shed doubt on this story, Stokes admitted this was not true, and gave police a statement indicating that she had been trying to toilet train the child, and became upset when the child soiled her pants and the floor as she was trying to get her to the bathroom. She then put the child in the tub, turned on the hot water, and after keeping her in the tub for a period of time, took her out and noticed she was burned. At trial Stokes claimed the burns were accidental, and denied she was upset with the child. She testified that she put the child in the tub for a bath, turned on the water, left for no more than 15 to 20 seconds, then came back and immediately took the child out of the water when she determined it was too hot. Stokes said that as she dried the child, she did not notice the burns until her four-year-old child pointed to them. She testified it was about two hours before she was able to get transportation to the hospital. Testimony from emergency room personnel showed that the child was crying in pain when she was admitted with second and third degree burns. Photographs taken at the hospital showed burns to the child's foot and hand, and severely burned, blistered skin on the child's buttocks. The child was given medication for the pain, and transferred from Tattnall Hospital to Humana Burn Center in Augusta for further treatment.

OCGA § 16-5-70 (b) provides: "Any person commits the offense of cruelty to children when he maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." "For purposes of this Code section, malice in the legal sense, imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result. Intention may be manifest by the circumstances connected with the perpetration of the offense. [Stokes'] intent was a question of fact to be determined upon consideration of words, conduct, demeanor, motive, and all other circumstances con-

nected with the act for which the accused is prosecuted." (Punctuation and citations omitted.) *Rigenstrup v. State*, 197 Ga. App. 176, 180 (398 SE2d 25) (1990). The evidence was sufficient for the jury to conclude that Stokes was guilty as charged.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JUNE 16, 1992.

*Dubberly & McGovern, Bruce D. Dubberly III*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.