## S93A1647, S93A1649. WOODBURY v. THE STATE (two cases).
(440 SE2d 461)

FLETCHER, Justice.

Carol Loretta Woodbury was charged with cruelty to children and felony murder in the death of her daughter, Cheryl Nicole Woodbury. The victim died from internal bleeding from a tear in her intestinal wall caused by a blunt force trauma to her abdominal area. A jury found Woodbury not guilty of cruelty to children and guilty of felony murder and she was sentenced to life imprisonment.[1] She appeals and we affirm.

1. Woodbury challenges the sufficiency of the evidence. The indictment for felony murder charged Woodbury with causing the death of the victim while committing the felony of cruelty to children in that Woodbury, being the victim's parent, "knowing that the child was injured and suffering extreme physical pain as a result of said injury, did wilfully fail and refuse to seek medical care and attention for the said child for said injuries, which resulted in cruel and excessive pain and caused the death" of the victim.[2]

The evidence, when construed in the light most favorable to the verdict, showed that on the evening of April 25, 1992, Woodbury and her live-in boyfriend Johnny Lucas[3] brought the victim to the hospital indicating that she had stopped breathing. She was pronounced dead soon after arriving at the hospital. The child's body and face had numerous fingertip to half-dollar size bruises and there was a large bruise on her abdomen. Woodbury admitted that she knew that Lucas had severely shaken the victim as much as six days prior to her death and admits she was aware of other abuse by Lucas. She admits that she saw increased bruising on the victim's body during that time

---

[1] The victim died on April 25, 1992. Woodbury was indicted on June 9, 1992 and reindicted on February 8, 1993. After a jury trial she was found guilty of felony murder and was sentenced on March 25, 1993. Her motion for new trial was filed on April 1, 1993 and denied on June 16, 1993. Her notice of appeal was filed on June 25, 1993 and docketed on July 30, 1993. The case was submitted for decision without oral argument on September 10, 1993.

[2] The cruelty to children count upon which Woodbury was found not guilty charged her with causing non-fatal, cruel and excessive physical pain by striking the victim.

[3] Lucas had been convicted of malice murder in the death of the victim prior to Woodbury's trial.

and admits that the victim held her stomach, cried in pain, vomited and would not eat prior to her death.

The medical examiner testified that the blow that ultimately lead to the victim's death (a kick to the stomach) had occurred 48 to 72 hours prior to her death, that the injury was treatable if provided proper medical attention and that such an injury would have caused the victim severe physical pain. There was some testimony that indicated that Lucas told Woodbury that he had kicked the victim and that Woodbury did not bring the victim to the hospital because she feared she would get into trouble due to the bruises on the child. After reviewing the record, we conclude that a rational trier of fact could have found Woodbury guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Woodbury challenges the trial court's decision not to disqualify five potential jurors for cause. The proper test for disqualification is whether the juror can lay aside any impression or opinion and render a verdict based on the evidence presented in court. *Spivey v. State*, 253 Ga. 187 (319 SE2d 420) (1984). See also *Taylor v. State*, 243 Ga. 222 (253 SE2d 191) (1979). We have reviewed the record and find that these jurors indicated that they could lay their opinions aside and reach a verdict that was based solely on the evidence. The trial court did not abuse its discretion in ruling that each of these five jurors was qualified to serve.

3. Woodbury challenges the trial court's decision to deny her motion for change of venue. Woodbury cites *Tyree v. State*, 262 Ga. 395 (418 SE2d 16) (1992) but offers no proof that the publicity in her trial rose to the level in that case. Woodbury makes no showing that the publicity contained information that was factually incorrect or inadmissible, that the publicity was calculated to provoke hostility or reflective of an atmosphere of hostility, or that there was a high percentage of jurors with prior knowledge and/or opinions about the case coupled with a relatively high excusal rate. *Tyree*, 262 Ga. at 395-397. Absent proof of factors such as these, Woodbury was not entitled to a change of venue; therefore, the trial court did not abuse its discretion when it refused to grant the motion.

4. Woodbury claims that the trial court erred when it denied her motion for a continuance. To be entitled to a new trial on this ground, Woodbury must show that she was harmed by the trial court's refusal to grant her a continuance, *Lee v. State*, 258 Ga. 82 (365 SE2d 99) (1988), and Woodbury has not made that showing. This enumeration is without merit.

5. We have reviewed the autopsy photographs and find that the images depicted therein were relevant to prove a portion of the state's case and that their introduction met the criteria this court set forth in

*Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983) for the introduction of post-autopsy photographs.

6. Woodbury claims the trial court erred by not sustaining counsel's objections to two portions of the state's closing argument. Our review of the argument reveals that Woodbury did not properly preserve her objection to the first argument and that the second argument was not improper. See *Philmore v. State*, 263 Ga. 67 (428 SE2d 329) (1993).

*Judgment affirmed. All the Justices concur.*

SEARS-COLLINS, Justice, concurring.

The appellant's felony murder conviction is predicated on the underlying felony of cruelty to children in that she caused her child cruel and excessive pain by failing to provide proper medical care. OCGA § 16-5-70 (b). I write to emphasize that to constitute the crime of cruelty to children the failure to provide medical care may not be based on a parent's or guardian's negligent mistake in judgment as to when medical care is required, but must be based on the *malicious* failure to provide that care, see § 16-5-70 (b) (a person "commits the offense of cruelty to children when he *maliciously* causes a child . . . cruel or excessive physical or mental pain") (emphasis supplied). This distinction is important as far too many parents today are themselves either underage, undereducated, unhealthy, underfed, or unhoused, or a combination of the foregoing, and therefore are not cognizant of the standards that society expects them to uphold regarding the medical care of their children. Because I agree that under the circumstances of this case the appellant's failure to provide medical care for her child satisfied the requisite malice requirement, see *Rigenstrup v. State*, 197 Ga. App. 176, 180-181 (4) (398 SE2d 25) (1990) (defining malice for purposes of § 16-5-70 (b)), I concur in the judgment of affirmance.

DECIDED FEBRUARY 28, 1994 —
RECONSIDERATIONS DENIED MARCH 18, 1994.

*Bishop & McElyea, Barry W. Bishop*, for appellant.

*Garry T. Moss, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Staff Attorney*, for appellee.