A94A2306. BREWTON v. THE STATE.
(454 SE2d 558)

BIRDSONG, Presiding Judge.

Appellant Katherine A. Brewton was charged with one count of aggravated assault and two counts of cruelty to children; she was found not guilty of aggravated assault and of one count of cruelty to children, but guilty of reckless conduct (as a lesser included offense of aggravated assault) and of one count of cruelty to children. She ap-

peals from the judgment of conviction and enumerates seven errors. *Held*:

1. The inconsistent verdict rule has been abolished in Georgia. *Robinson v. State*, 257 Ga. 194 (3) (357 SE2d 74).

2. The aggravated assault count averred that appellant did commit aggravated assault upon B. G. "with an object, to-wit: an ax . . . by chasing the boy with said ax." Appellant contends that reckless conduct is not a lesser included offense of aggravated assault in this case. A crime will constitute a lesser included offense as a matter of law when, inter alia, it differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person or public interest or a *lesser kind of culpability* suffices to establish its commission. OCGA § 16-1-6 (2). The crime of reckless conduct is an instance of *criminal negligence*, rather than a culpable act of either general or specific criminal intent, which causes bodily harm to or endangers the bodily safety of another. *Bowers v. State*, 177 Ga. App. 36, 38 (1) (338 SE2d 457). In a given case, reckless conduct may become a lesser included offense of aggravated assault, "not necessarily by the adding or subtracting of elements, but merely by the substitution of another element" for that of any formed general intent to commit the greater offense thereby resulting, in essence, in a finding of a lesser degree of culpability within the meaning of OCGA § 16-1-6 (2). Id.; see *Givens v. State*, 184 Ga. App. 498 (3) (361 SE2d 830) (dictum). Appellant testified and in effect denied any criminal intent whatsoever to commit an assault against B. G., her son. Rather, appellant testified she grabbed a maul to smash a toy as a means of disciplining her son, and followed him down the hall after he took the toy and ran; she denied "chasing" him down the hall with an ax. Chasing, running or following after the boy in hot pursuit, without any general or specific criminal intent and while carrying an ax-like maul (for the purpose of breaking toys) could be found by the jury to constitute under the attendant circumstances an act of criminal negligence. The type of criminal culpability, if any, of appellant was an issue for jury resolution. *Perryman v. State*, 208 Ga. App. 754, 756 (3) (431 SE2d 742), where appellant admitted he had deliberately pointed the weapon at the victim, is distinguishable and not controlling. Also distinguishable is *Dickerson v. State*, 207 Ga. App. 241 (1) (427 SE2d 591) where the *undisputed* evidence showed that appellant committed either an aggravated assault or no offense at all. We conclude this enumeration is meritless.

3. Appellant asserts that the evidence is insufficient to support appellant's conviction of either reckless conduct or cruelty to her son R. G., as averred in the indictment.

Regarding the offense of cruelty to the child, R. G., it was averred that appellant did cause said child "cruel and excessive

mental pain by causing the child to live in a home under extremely unsanitary conditions, including but not limited to: piles of trash on the floor, rotting food and dirty dishes in the kitchen, an uncaged parrot with bird droppings everywhere, two live ducks in hall bathroom, roaches crawling on floor and the smell of trash and rotten food throughout the house."

OCGA § 16-5-70 (b) provides: "Any person commits the offense of cruelty to children when he maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." It appears to be a case of first impression whether the offense of cruelty to children can be committed by raising a child in a house under circumstances constituting extremely unsanitary conditions; we conclude that when the lack of sanitation reaches such a degree that a jury can find that the acts or omissions of the parent maliciously cause a child under the age of 18 cruel or excessive physical or mental pain within the meaning of OCGA § 16-5-70 (b), the jury is authorized to find that a defendant has committed the offense of cruelty to children. "The intention with which an act is done is peculiarly a question for the jury [cit.], and in view of OCGA §§ 16-2-4 and 16-2-5, the jury was authorized in this case in finding as no excuse the appellant's [contentions] that she did not mean to [let the house become so unsanitary and was commencing to clean up the house on the day of the incident]." *McGahee v. State*, 170 Ga. App. 227 (1) (316 SE2d 832). In this regard, "intention" does not mean an intention to violate a penal statute but an intention to commit the act prohibited thereby; intention may be manifest by the circumstances connected with the perpetration of the offense. *Daniel v. State*, 179 Ga. App. 54, 55 (1) (345 SE2d 143). Thus, intent to inflict cruelty and malice can be proven from all the circumstantial evidence in a case. *McGahee*, supra at 228 (2); compare *Daniel v. State*, supra. "For purposes of this Code section [OCGA § 16-5-70 (b)], malice in the legal sense, imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result." (Punctuation and emphasis omitted.) *Rigenstrup v. State*, 197 Ga. App. 176, 180 (4) (398 SE2d 25). Malice, like intent, also is peculiarly a jury question. See *Rigenstrup*, supra; *McGahee*, supra.

In addition to the graphic testimony of the officer executing the search warrant and the crime scene technician who photographed and videotaped appellant's home, photographs and a videotape as to the condition of appellant's house also were introduced in evidence. From the totality of this evidence the jury could find that the child, R. G., was, in fact, maliciously subjected to "excessive mental pain," within the meaning of OCGA § 16-5-70 (b). The photographs and videotape

were relevant and material to establish the nature and severity of the unsanitary conditions in appellant's house. Compare *Lister v. State*, 143 Ga. App. 483, 484 (3) (238 SE2d 591). Moreover, the jury could reasonably infer from the evidence of the extreme unsanitary conditions of the home, coupled with the testimony of appellant as to the significant disciplinary problems she had been having with her two children, that the child, R. G., was suffering excessive mental pain from the malicious conduct of his mother in raising him in a home replete with garbage, rotten food, bugs, and the excrement of a parrot and two ducks. In this regard, appellant admitted in judicio that the house had been a mess for "about three weeks"; leaking toilets had saturated hallway and living room carpets, which were rolled up soiled in the house; trash collection had been suspended due to lack of money; trash was stored in the house and dogs would enter a broken deck-door window and get into the trash; two ducks were allowed to live in one bathroom for about two months; the parrot had been allowed to live in the kitchen for at least a week; and ducks go to the bathroom often and the parrot does so "every 30 minutes." Videotape and photographic evidence grimly corroborates the soiling of the house, particularly the kitchen, by the parrot. "[T]he determination of what is cruel or excessive physical or mental pain is to be made by the jury." *Hopkins v. State*, 209 Ga. App. 376, 377 (1) (434 SE2d 74). The infliction of cruel or excessive physical or mental pain upon a victim can be proven by circumstantial evidence. Cf. *Williams v. State*, 208 Ga. App. 12, 13 (430 SE2d 157).

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). We conclude that the jury rationally could have found that it excluded every reasonable hypothesis except that of the defendant's guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

4. Appellant contends that the trial court erred by failing to recharge, fully and completely, the jury, orally or in writing, following the jury's written request that this be done. The jury, apparently after no more than a minimal period of deliberation, requested the trial court to "please send a copy of [the] charges to [the] jury, i.e., what does Judge expect from the jury?" The trial court instructed the jury

in open court that it could not provide the jury with a written copy of the charges, but it could recharge if the jury desired as to any portion of the charges. Thereafter, the jury foreman on behalf of the jury requested merely a recharge as to the definition of assault. The trial court, after giving a cautionary instruction that the jury must consider the entire charges given and not just those subject to recharge (see generally *Walker v. State*, 198 Ga. App. 422 (2) (401 SE2d 613)), proceeded to recharge as to the elements of aggravated assault and its lesser included offense of reckless conduct, the charges of cruelty to children, and as to the defense of justification based on a claim of reasonable disciplining of a minor. The jury foreman subsequently requested another recharge on aggravated assault. The trial court gave another recharge as to aggravated assault and then offered to tender to the jury a copy of the portion of the charges subject to recharge; the jury foreman requested that be done indicating such action "would really help us out at this point." At no point subsequent to this recharging did the jury renew its request for a complete copy of the charges. *Anderson v. State*, 262 Ga. 26, 28 (3) (a) (413 SE2d 732) authorizes but does not mandate that the trial court give a written copy of the charges to the jury. In *Bowley v. State*, 261 Ga. 278, 280 (3) (404 SE2d 97), it was held that where the jury requests further instructions upon a particular phase of the case, the court in its discretion may recharge them in full, or only upon the point or points requested. Likewise, when the jury requests a written copy of a portion of or the entire instructions given, the trial court in its discretion generally may recharge the jury orally in lieu of providing such written instruction. See generally OCGA § 15-6-8 (6); see also *Appling v. State*, 256 Ga. 36, 38 (343 SE2d 684); compare *Jordan v. State*, 207 Ga. App. 710, 712 (2) (429 SE2d 97). Appellant has failed to show a breach of discretion by the trial court in electing to recharge the jury orally only as to those particular legal matters determined to be of concern to it and providing it, together with appropriate cautionary instructions, a written copy of only those matters subject to recharge. It appears more appropriately to be a matter for legislative consideration whether in criminal cases written copies of charges should be required to be tendered to the jury.

5. Appellant contends the trial court erred by allowing witnesses to present hearsay statements attributed to the children under the child hearsay statute, because the charges against appellant did not involve allegations of any act of sexual contact or physical abuse, as required by OCGA § 24-3-16. We find that statements as to the circumstances in which appellant chased her son down the hall while carrying a maul constitutes statements regarding "any act" of physical abuse within the meaning of the statute. Any other interpretation of OCGA § 24-3-16 would not square with common sense and reason-

ing. *Tuten v. City of Brunswick*, 262 Ga. 399, 404 (7) (a) (i) (418 SE2d 367). Secondly, this testimony was admissible as prior consistent statements of the children. *Knight v. State*, 210 Ga. App. 228, 230 (2) (435 SE2d 682); accord *Fuller v. State*, 211 Ga. App. 104, 105 (2) (438 SE2d 183). Also, in view of the cumulative nature of the questioned testimony, any error would have been harmless.

6. Appellant asserts the trial court erred by charging the jury that criminal negligence was not an issue in appellant's case, after having repeatedly charged the jury as to the lesser offense of reckless conduct. Criminal negligence is an essential element of reckless conduct (*Bowers v. State*, supra at 38 (1)); the trial court committed a charging error. Because the charging error was a substantial misstatement as to the *essential elements* of reckless conduct, it is not waived and is reviewable pursuant to OCGA § 5-5-24 (c). *Jackson v. State*, 205 Ga. App. 513, 514 (3) (422 SE2d 673). When an error in the charge is shown to exist, as in this case, it is presumed to be prejudicial and harmful, unless it appears from the entire record that the error is harmless. *Foskey v. Foskey*, 257 Ga. 736, 737 (363 SE2d 547). Considering the obvious confusion demonstrated by the jury by the nature of their repeated requests for further instructions, the length of their deliberation, their vote as to the offenses under Charge 1, and the fact that the charging error was as to an essential element of an offense for which appellant was shortly thereafter convicted, we cannot conclude from the entire record that this error was harmless. *Foskey*, supra; compare *Jackson*, supra. *Robinson v. State*, 176 Ga. App. 18 (335 SE2d 303) is distinguishable and not controlling. "Because 'we cannot say as a matter of law that the charge was neither confusing nor misleading,' we conclude that the trial court's charge in this case requires reversal." *Anderson*, supra at 27 (2).

Accordingly, appellant's conviction of reckless conduct is set aside and the sentence pertaining thereto vacated; her conviction of cruelty to children and the sentence pertaining thereto is affirmed. In view of the above holdings, we need not address appellant's claims of inadequacy of counsel.

*Judgment affirmed in part and reversed in part. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 7, 1995 —
RECONSIDERATION DENIED FEBRUARY 21, 1995 —

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, Pamela D. South, Assistant*

*District Attorney,* for appellee.