S95G0944. BREWTON v. THE STATE.
(465 SE2d 668)

BENHAM, Chief Justice.

In the course of a domestic disturbance, Brewton's 11-year-old son told a passerby that his mother was chasing him with an ax. Brewton was arrested and charged with aggravated assault. Based on unsanitary conditions in her home observed during execution of a search warrant, Brewton was also charged with two counts of cruelty to children, one relating to each of her two children. A jury trial resulted in Brewton's conviction for reckless conduct as an included offense of aggravated assault and for one of the two counts of cruelty to a child. The Court of Appeals reversed the reckless conduct conviction because of an error in jury instructions, but affirmed the cruelty conviction. *Brewton v. State,* 216 Ga. App. 346 (454 SE2d 558) (1995). This Court granted certiorari and posed the following questions: May a person commit the offense of cruelty to children by raising a child in unsanitary conditions? In particular, may evidence of unsanitary conditions, by itself, satisfy the malice requirement of OCGA § 16-5-70 (b)?

1. The first question addresses the larger issue of whether raising a child in unsanitary conditions can ever constitute the offense of cruelty to children, as defined by the legislature. Although the statute provides only that the offense is committed when a person "maliciously causes a child under the age of 18 cruel or excessive physical or mental pain," we have no hesitation in holding that the offense may be committed by raising a child in such unsanitary conditions that the child suffers cruel or excessive physical or mental pain. However, the basic elements of the offense must be shown by evidence. That is, there must be evidence establishing the age of the child, that the child suffered physical or mental pain, that the pain was cruel or excessive, that the defendant caused the pain, and that the defendant acted maliciously in so doing.

2. Our second question is whether evidence of unsanitary conditions is enough, by itself, to prove the element of malice. The Court of Appeals has explained the malice element of the offense of cruelty to children:

> "For purposes of this Code section, malice in the legal sense, imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result. Intention may be manifest by the circumstances connected with the perpetration of the offense. [I]ntent [is] a question of fact to be determined upon consideration of words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." (Punctuation and citations omitted.)

*Stokes v. State*, 204 Ga. App. 586 (2) (420 SE2d 84) (1992).

Using that explanation, we must first ask whether evidence of unsanitary conditions, by itself, would show an absence of justification and the presence of actual intent to do harm. That inquiry is easily answered by consideration of a hypothetical situation in which a single parent falls ill and is unable to clean house for several weeks, relying on the children to keep the household functioning minimally. Under those circumstances, unsanitary conditions could certainly exist, but there would be some justification and no evidence of an actual intent to harm the children.

Another hypothetical serves to show that the second form of malice mentioned in *Stokes*, wantonly and wilfully doing an act in awareness of the harm likely to result, is not shown by evidence of unsanitary conditions alone. In this hypothetical, the parent is single, very young, very poor, and ignorant of the fundamentals of both housekeeping and parenting. Under those circumstances, unsanitary conditions are not only possible, but likely, but the parent is unlikely to be aware of the likelihood of ill effects from those conditions. This point is directly related to the concerns expressed by Justice Sears in her concurrence in *Woodbury v. State*, 264 Ga. 31 (440 SE2d 461) (1994):

> [T]he crime of cruelty to children . . . may not be based on a parent's or guardian's negligent mistake in judgment . . ., but must be based on the malicious failure to provide . . . care. . . . This distinction is important as far too many parents today are themselves either underage, undereducated, unhealthy, underfed, or unhoused, or a combination of the foregoing, and therefore are not cognizant of the standards

that society expects them to uphold regarding the . . . care of their children.

A final hypothetical demonstrates the importance of the holding in *Stokes* that "malice in the legal sense, imports the absence of all elements of justification or excuse . . . ." The facts in this hypothetical are that a parent has assigned a young teen complete responsibility for maintaining the cleanliness of the part of the house most used by the youth, the youth has failed to live up to the responsibility, and the parent has chosen to teach the youth responsibility by leaving that portion of the home dirty until the youth cleans it, even though the parent recognizes that some harm to the child may occur, such as a skin rash from the unsanitary conditions. Under those circumstances, unless the harm to the child eventuated and outweighed the benefit to be derived from the lesson, the parent could not be found to have the necessary malice to warrant a conviction. That is so because the parent's action, motivated as it is by a legitimate parental function (education), is not without justification. See *Stokes*.

Given the fact that there are conceivable justifications for the existence of unsanitary conditions and the fact that a parent may permit unsanitary conditions to exist without an awareness that harm may result, it is clear that such conditions, alone, cannot serve to prove the element of malice in a prosecution for cruelty to children. In the decision under review here, the Court of Appeals recites the appropriate standard and finds the evidence sufficient, but does so without pointing to any circumstance suggesting malice other than the unsanitary conditions in the home. There was no other evidence which would establish either that Brewton intended to cause harm to her children or that she acted with awareness that her conduct was likely to cause harm. That being so, the Court of Appeals erred in holding that the evidence was sufficient to authorize Brewton's conviction for cruelty to children.

*Judgment reversed. All the Justices concur, except Carley, Thompson and Hines, JJ., who concur in the judgment only.*

DECIDED JANUARY 22, 1996.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer,* for appellant.

*Daniel J. Porter, District Attorney, Pamela D. South, Assistant District Attorney,* for appellee.