A94A2306. BREWTON v. THE STATE.
(469 SE2d 550)

BIRDSONG, Presiding Judge.

In *Brewton v. State*, 216 Ga. App. 346 (454 SE2d 558), we reversed appellant's conviction of reckless conduct, arising from appellant's chasing her son down the hall while swinging an axe-like maul (for purposes of breaking his toys) but affirmed her conviction of cruelty to children (arising from appellant's malicious subjection of her children to living in an overall environment of unhealthy squalor). The Supreme Court granted certiorari, as to our affirmance of the cruelty to children conviction, and reversed our decision on that count in *Brewton v. State*, 266 Ga. 160 (465 SE2d 668), after concluding that "[g]iven the fact that there are conceivable justifications for the existence of unsanitary conditions and the fact that a parent may permit unsanitary conditions to exist [for example, an uncaged parrot living and excreting freely for over one week in the kitchen and ducks living in a bathroom] without an awareness that harm may result, it is

clear that such conditions, alone, cannot serve to prove the element of malice in a prosecution for cruelty to children."

"The law provides that the Supreme Court is the final authority, whatever its holding, and accordingly our judgment in this case is vacated and the judgment of the Supreme Court is made the judgment of this court." *Givens v. State*, 216 Ga. App. 176, 177 (454 SE2d 141).

*Judgment reversed. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 14, 1996.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, Pamela D. South, Assistant District Attorney*, for appellee.