A98A1225, A98A1295. IDOWU v. THE STATE (two cases).
(504 SE2d 474)

ELDRIDGE, Judge.

A Fulton County grand jury indicted appellant Alton Idowu for an aggravated assault on his 11-year-old son that occurred when Idowu beat the child about the back, thighs, buttocks, and scrotum with a belt because the boy did not do his math homework correctly. The victim suffered multiple lacerations and bleeding. A jury found Idowu guilty as charged. He appeals, raising two issues of law. We affirm.

1. Idowu contends that the State improperly placed his character at issue by violating the trial court's pretrial ruling, which found that evidence regarding Idowu's relationship with his wife was inadmissible. Specifically, Idowu complains that (1) during opening argument the prosecutor stated that Idowu's wife was "afraid" of him; and (2) a State's witness testified that after the beating of his son, Idowu's wife took the children to a "battered women's shelter." This contention is without merit.

A reference to a "battered women's shelter" is not substantive evidence of Idowu's "relationship with his wife" as proscribed by the trial court's pretrial ruling. Simply because the shelter is called a "battered" women's shelter does not substantively demonstrate that "battering" actually occurred, either in the past or in the present, so as to demonstrate their "relationship."

Moreover, during the beating incident at issue, Idowu's wife tried to take the belt away from Idowu. Idowu swung at her and grabbed her by the hair. This proper res gestae evidence, alone, was sufficient to explain why Idowu's wife might have been "afraid" of him and removed the children to a shelter, without any explanation of the "relationship" between them. There was no error.

2. Idowu contends that the trial court erred when it added the following language to the statutory definition of the lesser included offense of reckless conduct: "Thus, a crime of reckless conduct is, in essence, an instance of criminal negligence rather than an intentional act which causes bodily harm to or endangers the bodily safety of another."

The charge about which the appellant complains is a correct statement of the law. *Bowers v. State*, 177 Ga. App. 36, 38 (1) (338 SE2d 457) (1985). "In a given case, reckless conduct may become a lesser included offense of aggravated assault, not necessarily by the adding or subtracting of elements, but merely by the substitution of another element for that of any formed general intent to commit the greater offense thereby resulting, in essence, in a finding of a lesser degree of culpability within the meaning of OCGA § 16-1-6 (2)."

*Brewton v. State*, 216 Ga. App. 346, 347 (454 SE2d 558) (1995);[1] see also *Bowers v. State*, supra at 38. A finding of guilty as to aggravated assault requires a finding of an intentional infliction of injury, which *precludes* the element of criminal negligence in reckless conduct. (Emphasis supplied.) *Sheats v. State*, 210 Ga. App. 622 (436 SE2d 796) (1993). There was no error.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 26, 1998 —
RECONSIDERATION DENIED JULY 15, 1998 — ■

*James W. Gibert*, for appellant.
*Paul L. Howard, Jr., District Attorney, David E. Langford, Assistant District Attorney*, for appellee.

---

[1] Reversed on other grounds in *Brewton v. State*, 266 Ga. 160 (465 SE2d 668) (1996).