## A99A1549. JOHNSON v. THE STATE.
### (522 SE2d 478)

ELDRIDGE, Judge.

Vickie Michelle Johnson appeals her conviction on three charges of cruelty to children.[1] Her sole enumeration of error challenges the sufficiency of the evidence. *Held*:

> On appeal[,] the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]

*Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In evaluating the sufficiency of the evidence, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]" (Emphasis in original.) Id. at 319.

Viewed in this light, the evidence showed that, on July 11, 1998, Johnson took her four-year-old son, Raheem, to Mitchell County Hospital. The child was unconscious and unresponsive to either painful or verbal stimuli. Dr. Barbara Kupka Smith examined the child and determined that he was suffering from, inter alia, a complete break of his ulna and radius in his lower left arm. The child did not regain consciousness and died less than an hour later. An autopsy revealed that the child's death resulted from very recent massive blows to the abdomen which ruptured his liver and damaged his spleen and pancreas. The medical examiner who conducted the autopsy opined that the blows took place within hours of the child's death and were inflicted by an adult. He testified that there were several "very fresh" bruises on the child's abdomen, including some small round bruises which appeared to have been caused by someone punching the child with their fist or knuckles. The medical examiner opined that the larger bruises could have been caused by someone slapping or kicking the child. He expressly noted that the pattern and number of the bruises could not have been caused by the child falling on a toy. Finally, the medical examiner testified that, in addition to the complete break in the left arm, the child's right arm had a "green stick" fracture.

An investigator from the Camilla Police Department, Vernon Nobles, testified that he went to Johnson's home shortly after the

---

[1] Under OCGA § 16-5-70 (b), a person commits cruelty to children "when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain."

child's death; the cause of death had not yet been determined. He photographed the residence and noted at trial that there were no toys or other sharp objects on the floor upon which the child could have fallen; the photographs were introduced as evidence.

Agent John Heinen, a special agent with the Georgia Bureau of Investigation, interviewed Johnson several times between July 11 and 13, 1998. The interviews were recorded on audiotape, and the tapes were played for the jury. However, the tapes were not transcribed at trial, and neither the tapes nor transcripts of the tapes were available for review on appeal. The record before this Court shows that, during the first two interviews,[2] Johnson denied harming the child and denied any knowledge or explanation of how the child may have been harmed. In a third interview, she claimed that she had fallen on the child. Finally, she admitted that, on the morning of the child's death, she had hit him several times for climbing on the dresser.

At trial, Johnson testified in her own behalf and denied harming the child. She admitted that she had lied to the investigators about falling on the child and claimed that she had lied about whipping the child. She again denied any knowledge about how the child had been injured.

Following this presentation of evidence, the jury acquitted Johnson of felony murder, but convicted her of three counts of cruelty to children in causing the abdominal injuries that resulted in the child's death, as well as the fractures of both arms. In so doing, the jury clearly rejected Johnson's claim of ignorance regarding the child's injuries.

On appeal, Johnson claims that there was insufficient evidence that she acted "maliciously" in harming her child, as required by OCGA § 16-5-70 (b). However, under this Code section,

> malice in the legal sense imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result. Intention may be manifest by the circumstances connected with the perpetration of the offense. Intent is a question of fact to be determined upon consideration of words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.

(Punctuation and footnote omitted.) *Sims v. State*, 234 Ga. App. 678,

---

[2] The voluntariness of Johnson's statements is not at issue in this appeal.

681 (1) (b) (507 SE2d 845) (1998). See also *Brewton v. State*, 216 Ga. App. 346, 348 (454 SE2d 558) (1995), rev'd on other grounds, 266 Ga. 160 (465 SE2d 668) (1996); *Stokes v. State*, 204 Ga. App. 586, 587 (2) (420 SE2d 84) (1992). An actor's intention can be proven from circumstantial evidence, and the determination of such intention is "peculiarly a question for the jury." (Citations and punctuation omitted.) *Brewton v. State*, 216 Ga. App. at 348.

In this case, Johnson told police investigators that she had hit Raheem four or five times on the morning of his death; she later denied the truth of this statement. It is solely within the purview of the jury to determine if, and when, Johnson was telling the truth. OCGA § 24-9-80. In finding Johnson guilty of cruelty to children, the jury clearly found Johnson's testimony incredible, choosing instead to infer from the evidence that Johnson inflicted the child's wounds and, in doing so, acted either intentionally or in wanton and wilful disregard of the potential harm to her child. The evidence in this case was sufficient to support this finding, i.e., for a rational trier of fact to find that Johnson was guilty beyond a reasonable doubt of the crimes charged. OCGA §§ 24-4-5; 16-5-70 (b); *Jackson v. Virginia*, supra. Further, the circumstantial evidence presented was not only consistent with the finding of guilt, but also excluded "every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 9, 1999.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Victoria Spear-Darrisaw, Assistant District Attorney*, for appellee.