## A00A1664. LOVELESS v. THE STATE.
### (538 SE2d 464)

JOHNSON, Chief Judge.

Regina Loveless was convicted of cruelty to children for maliciously causing mental pain to her sons C. L. and J. L. by ignoring C. L.'s pleas that she help J. L. while he was being molested by her boyfriend and two counts of sexual exploitation of children for having taken nude photographs of the boys. She appeals, arguing that the evidence is insufficient, that the cruelty to children indictment count does not allege a crime, and that the court improperly commented on the evidence. Because the arguments are without merit, we affirm the convictions.

1. On appeal from a criminal conviction, we review the evidence in the light most favorable to the verdict and no longer presume that the appellant is innocent; moreover, we determine the evidence sufficiency and do not weigh the evidence or determine witness credibility.[1]

In this case, the evidence shows that C. L. and J. L. began living with their paternal grandparents in 1994. In 1997, seven-year-old C. L. and six-year-old J. L. went to stay with Loveless and her boyfriend, Donnie Rice, for several days. During the visit, J. L. called his grandmother and asked to return to the grandparents' house earlier than planned. The grandmother went to Loveless and Rice's house and picked up the boys.

On the way back to the grandparents' house, J. L. complained that his bottom hurt. Later, when the grandmother was giving J. L. a bath, he again said that his bottom hurt, and she saw that it looked swollen. She called her daughter Angela Cantrell into the bathroom, and J. L. then told his grandmother and Cantrell that Rice had anally sodomized him.

The next day, the grandmother took J. L. to a child advocacy center where, while using the toilet, he passed a small amount of blood. The following day, a doctor examined him and found that J. L.'s anal area was tender, raw, stretched, and bleeding from an abrasion. According to the doctor, the injuries around J. L.'s anus were consistent with sexual abuse. Photographs depicting J. L.'s injuries

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Johnson v. State*, 239 Ga. App. 886 (522 SE2d 478) (1999).

were taken and admitted into evidence at trial.

Also admitted into evidence were J. L.'s taped interviews with a child advocate. In the interviews, J. L. stated that during the 1997 visit Rice had molested him, that Loveless and Rice had previously held him and his brother down and taken pictures of them while they were naked and had mailed the pictures somewhere, and that Loveless had told him and his brother not to tell anyone about the abuse.

C. L. also gave taped interviews in which he said that during the 1997 visit Rice made him leave the bedroom where he and J. L. were sleeping, that after he left he looked back in the room and saw Rice take down J. L.'s pants, that he could hear his brother screaming, that he went to Loveless' bedroom and told her that Rice was hurting J. L., and that Loveless told C. L. to shut up and she then put a pillow over her head. C. L. also said that Loveless and Rice had previously held him and J. L. down, had taken nude photographs of them, and had mailed the photographs somewhere. Loveless told the boys not to tell anyone about the sexual abuse because she did not want Rice to go to jail.

In addition to the playing of his taped interview, C. L. testified at trial, again claiming that during the 1997 visit he got upset when he heard his brother screaming and he went to his mother's bedroom for help. But she told him to go back to bed and she put a pillow over her head.

Having reviewed all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Loveless guilty beyond a reasonable doubt of the charged offenses of cruelty to children[2] and sexual exploitation of children.[3]

2. Loveless contends that the indictment count charging her with cruelty to children does not allege criminal conduct because she could admit the allegations of the charge and not be guilty of a crime. The contention is incorrect.

OCGA § 16-5-70 (b) provides that a person commits cruelty to children when she "maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." The Supreme Court has noted that "the crime of cruelty to children may not be based on a parent's or guardian's negligent mistake in judgment, but must be based on the malicious failure to provide care."[4] The malice element of the offense imports the absence of justification or excuse and the presence of actual intent to cause the harm produced or the wanton

---

[2] See OCGA § 16-5-70; *Avila-Nunez v. State*, 237 Ga. App. 649, 652-653 (3) (516 SE2d 335) (1999).

[3] See OCGA § 16-12-100; *Unden v. State*, 218 Ga. App. 463, 464-465 (2), (3) (462 SE2d 408) (1995); *Moua v. State*, 200 Ga. App. 49 (1) (406 SE2d 557) (1991).

[4] *Brewton v. State*, 266 Ga. 160, 161 (2) (465 SE2d 668) (1996).

and wilful doing of an act with the awareness that it is likely to produce the particular harm.[5]

Here, Loveless was indicted for cruelty to children in that she maliciously caused excessive mental pain to C. L. and J. L., who were under the age of 18, by ignoring C. L.'s pleas that she help J. L., who was being sexually abused by Rice. Contrary to Loveless' contention, if she were to admit all the facts alleged in the indictment, she would be admitting that she had failed to meet her legal duty to protect her children,[6] that such failure was not justified but was done with malice, and that it caused excessive mental harm to her minor children. The indictment thus sufficiently charged the crime of cruelty to children.[7]

3. During the testimony of the doctor who had examined J. L., Loveless objected on the ground that such testimony was irrelevant. The trial court overruled the objection, stating that all parties to a crime are subject to prosecution. Loveless then moved for a mistrial, arguing that the court's statement constituted an improper comment on the evidence in violation of OCGA § 17-8-57. Loveless contends that the court erred in denying her mistrial motion.

A mere colloquy between the court and counsel regarding an evidentiary issue does not violate OCGA § 17-8-57.[8] Thus, the judge's explanation of the reason for his overruling of the objection to the admission of the doctor's testimony was not an improper comment on the evidence.[9] The trial court therefore did not err in denying Loveless' motion for a mistrial.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 15, 2000 ■

*Christopher A. Frazier*, for appellant.

*Tambra P. Colston, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.

---

[5] Id.

[6] OCGA § 19-7-2; *State v. Roberts*, 234 Ga. App. 522, 523 (2) (507 SE2d 194) (1998).

[7] See id.

[8] *Bryant v. State*, 268 Ga. 664, 667 (8) (492 SE2d 868) (1997).

[9] See *Cammon v. State*, 269 Ga. 470, 475 (9) (500 SE2d 329) (1998); *Johnson v. State*, 234 Ga. App. 58, 59 (1) (506 SE2d 212) (1998).