## A05A1758. LEE v. THE STATE.
(619 SE2d 767)

JOHNSON, Presiding Judge.

A jury found Pernell Lee guilty of four counts of aggravated battery and one count of cruelty to children in the first degree.[1] In his sole enumeration of error, Lee contends the evidence was insufficient to support the jury's verdict. We find that the jury was authorized to reject Lee's defense and to determine that Lee maliciously and intentionally immersed his girlfriend's 17-month-old baby in hot water after she soiled her diaper. We affirm Lee's conviction.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[2] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[3] A conviction based on circumstantial evidence is authorized only if the proven facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.[4] Whether this burden has been met is a question for the jury.[5] When the jury is authorized to find the evidence, although circumstantial, is sufficient to exclude every reasonable hypothesis except the defendant's guilt, the verdict will not be disturbed unless the verdict is insupportable as a matter of law.[6]

Viewed in this light, the evidence shows that Lee's girlfriend left her three children alone with Lee. The girlfriend received a phone call from Lee to come home immediately. When she did, she found her 17-month-old baby severely burned. She immediately took the baby to the hospital, where she was treated for first, second and third degree burns on her upper torso, chest, back, groin area and upper thigh. About 20 percent of her body had second degree burns. The injuries were too severe to be treated at the local hospital, so the baby was transferred to the burn unit at Grady Hospital. Treatment included a month in hospitals and skin grafts to her back, sides, groin area and stomach. The baby was left with permanent scarring.

---

[1] At sentencing, the four aggravated battery counts were merged into the cruelty to children count.

[2] *Ratledge v. State*, 253 Ga. App. 5, 6 (1) (557 SE2d 458) (2001).

[3] (Citation omitted.) *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).

[4] OCGA § 24-4-6.

[5] *Harris v. State*, 223 Ga. App. 661, 662 (478 SE2d 458) (1996).

[6] Id.

Lee initially told his girlfriend that he was giving the three-year-old and seventeen-month-old children a bath and the three-year-old turned on the hot water while he was getting a towel. Lee subsequently told the treating doctor and police that he walked into the bathroom after hearing the 17-month-old scream and found her crawling on her hands and knees in hot water. According to Lee, the three-year-old had turned on the hot water.

After the detective pointed out a number of inconsistencies in Lee's versions of what happened, Lee gave another version of the story, which he also recounted at trial. According to this version, Lee unintentionally caused the baby's burns when he failed to check the water temperature as he tried to wash her off after her diaper "was full of crap." According to Lee, he held the baby under the water faucet for a three- to five-minute bath without feeling the water on his hands or getting splashed by the water. Although the baby was "hollering," Lee did not take her out of the water until he noticed that her skin was "bubbling up."

The doctor who initially treated the baby testified that the location of the burns on the baby's body was not consistent with any of Lee's stories. There were no burns consistent with crawling or splash burns consistent with being held under a faucet. According to the doctor, the burns were consistent with emersion of the baby's body in hot water with her diaper on.

OCGA § 16-5-70 (b) provides that a person commits the offense of cruelty to children in the first degree when he "maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." For purposes of this Code section, the term "malice" "imports the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result."[7] A defendant's intent is a question of fact to be determined by the jury upon consideration of words, conduct, demeanor, motive and all other circumstances connected with the act for which the defendant is accused.[8] The jury's finding of intent will not be set aside unless it is clearly erroneous.[9]

Although the circumstantial evidence must exclude every other reasonable hypothesis except the defendant's guilt, it need not exclude every inference or hypothesis.[10] Here, Lee's conflicting versions of how he had so severely burned the baby were not supported by the

---

[7] (Citation and punctuation omitted.) *Stokes v. State*, 204 Ga. App. 586, 587 (2) (420 SE2d 84) (1992).

[8] *Ferguson v. State*, 267 Ga. App. 374, 376 (1) (599 SE2d 335) (2004); *Stokes*, supra.

[9] *Harris*, supra at 663.

[10] Id.

physical and medical evidence. The jury was authorized to reject Lee's claim that he did not have the requisite criminal intent when he caused hot water to burn the baby after finding that her diaper was soiled.[11] We find the trial transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that the baby's injuries were not accidental, and Lee was guilty beyond a reasonable doubt of child cruelty in the first degree.[12]

As for the jury's verdict regarding the aggravated battery counts, a person commits the offense of aggravated battery when he "maliciously causes bodily harm to another by . . . seriously disfiguring his or her body or a member thereof."[13] Here, the evidence was sufficient for the jury to determine that Lee maliciously immersed the baby in hot water after finding that her diaper was soiled, thereby causing extensive burns and permanent scarring to her groin, abdomen, buttocks and back. It was for the jury to determine whether Lee acted intentionally and without justification or serious provocation, or whether to believe Lee's testimony that he accidentally burned the baby when he held her under the water without testing the temperature.[14] The jury was authorized by the evidence to find Lee guilty beyond a reasonable doubt of committing aggravated battery by seriously disfiguring the baby's groin, abdomen, buttocks and back.

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED AUGUST 11, 2005.

*Lawrence W. Daniel*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Amanda E. Persons, Assistant District Attorneys*, for appellee.

[11] See *McGahee v. State*, 170 Ga. App. 227 (1) (316 SE2d 832) (1984) (jury authorized to reject defendant's "excuse"); *Harris*, supra (affirming jury's rejection of defendant's claim that she accidentally burned her child).

[12] *Stokes*, supra.

[13] OCGA § 16-5-24 (a).

[14] See *Ramsey v. State*, 233 Ga. App. 810, 811 (1) (505 SE2d 779) (1998).