BENHAM, Justice,
dissenting.
Stability and certainty in law are desirable; stare decisis is a valid and compelling basis of argument. . . . The doctrine of stare decisis seems to be less viable year by year. The haste with which [our precedent] has been . . . disapproved damages the reliability and credibility of this [C] ourt’s decisions and adds to instability and uncertainty in the law.[5]
I write because I respectfully disagree with the majority’s overruling Jackson v. State, 276 Ga. 408 (577 SE2d 570) (2003), and its progeny.[6] With the instant opinion, the majority will undo over a *384 decade’s worth of precedent, including a decision this Court made just last year. See Owens v. State, 296 Ga. 205 (766 SE2d 66) (2014). The majority has failed to explain what has changed so dramatically in the past twelve months that we must do away with over a decade’s worth of precedent. In fact, today’s decision is based on a re-reading of a case that we decided five years before Jackson v. State. See Dunagan v. State, 269 Ga. 590 (502 SE2d 726) (1998). Specifically, the majority opines: “Read properly, Dunagan stands only for the well-established proposition that proof of criminal negligence cannot substitute for criminal intent for those offenses where the only difference between the offenses is a greater or lesser mental culpability.”[7]
The majority’s re-reading of Dunagan, which was cited in Jackson v. State, is limited and inaccurate. In Dunagan, we overruled all cases that had held “that an aggravated assault with a deadly weapon *385 based on OCGA § 16-5-20 (a) (1) can be committed by criminal negligence.” 269 Ga. at 593. We further held that the trial court in Dunagan erred when it charged the jury that criminal negligence could be substituted for criminal intent. Id. We also decided that when an aggravated assault is based on OCGA § 16-5-20 (a) (2), there is no reason to charge on criminal negligence because it is the state of mind of the victim that is at play, and not the state of mind of the defendant. Id. at 594. Most importantly, we vacated Dunagan’s conviction for felony murder because it was impossible to determine whether the jury based its verdict on OCGA § 16-5-20 (a) (1) (intentional conduct) or OCGA § 16-5-20 (a) (2) (intent of defendant inapposite). This same dilemma was at the heart of Jackson v. State.
Indeed, the majority’s parsing of a single phrase in Dunagan and inaccurately re-casting the basic conclusions therein do not render untenable the core analysis in Jackson v. State that convictions for felony murder predicated on aggravated assault and involuntary manslaughter predicated on reckless conduct are mutually exclusive if it is unknown whether the jury’s verdict on the aggravated assault was based on OCGA § 16-5-20 (a) (1) (intentional conduct) or OCGA § 16-5-20 (a) (2) (intent of defendant inapposite). See Jackson v. State, 276 Ga. at 412, n. 5. The majority opinion is otherwise unpersuasive as it rehashes arguments made by Justice Carley in his lone dissent to the majority opinion in Jackson v. State — arguments that were duly considered and rejected twelve years ago.[8]
It is obvious why there are those who would like to see Jackson v. State and its progeny upended as it is troublesome and expensive to retry cases in these circumstances. It is hard to understand why Springer pursued his appeal on this ground since he successfully avoided a felony murder charge in the first instance.[9] In any event, it is not necessary to overrule Jackson v. State and its progeny to avoid such circumstances. Prosecutors and defense attorneys can avoid these situations by simply becoming familiar with the governing law (i.e., Jackson v. State and its progeny) and structuring verdict forms so there is no doubt as to what the jury is deciding when crimes involving intent and negligence are in play.
In short, the majority opinion does nothing to convince me that disturbing well-settled law is warranted in this case. Accordingly, I must respectfully dissent.
*386 Decided June 29, 2015.
Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney, for appellant.
Maryellen Simmons, Margaret E. Flynt, for appellee.
Robert D. James, Jr., District Attorney, Leonora Grant, Assistant District Attorney; Gary D. Bergman, amici curiae.
I am authorized to state that Justice Hunstein joins in this dissent.

 (Citation and punctuation omitted.) Grissom v. Gleason, 262 Ga. 374, 378 (418 SE2d 27) (1992) (Benham, J., concurring specially).

 In Jackson v. State, we held:
[A] verdict of guilty as to aggravated assault based on OCGA § 16-5-20 (a) (1) requires a finding of an intentional infliction of injury, which precludes the element *384 of criminal negligence in reckless conduct. [Cit.] [We] recognize that the requisite mental states for these two offenses cannot logically and legally co-exist. “Mutual exclusion means that a finding of guilt on the essential elements of one count by definition excludes a finding of guilt based on an essential element of another count.” [Cit.] A finding of guilt on the essential element of criminal intent for aggravated assault based onOCGA § 16-5-20 (a) (1) thus excludes a finding of guilt based on the essential element of criminal negligence for reckless conduct.
(Emphasis in original.) Id. at 412. This led us to determine that the defendant in Jackson v. State could not simultaneously be convicted of felony murder predicated on an OCGA § 16-5-20 (a) (1) aggravated assault and involuntary manslaughter predicated on reckless conduct. Id. We also concluded that, because the evidence supported a conviction on aggravated assault pursuant to OCGA §§ 16-5-20 (a) (1) and (a) (2), the defendant was entitled to a new trial in order to avoid usurping the province of the jury. Id. at 413.

 Maj. op. at 380. The majority anchors its analysis on the following phrase from the Dunagan opinion: “... criminal intent and criminal negligence are not interchangeable in those instances where the mental culpability of the actor is the essential element that distinguishes two separate crimes, with separate penalties, for committing the same behavior.” 269 Ga. at 592. The full paragraph from which the phrase was culled reads as follows:
Although the trial court relied on OCGA § 16-2-1 (defining the elements of a crime) in charging the jury that criminal negligence can substitute for criminal intent, criminal intent and criminal negligence are not interchangeable in those instances where the mental culpability of the actor is the essential element that distinguishes two separate crimes, with separate penalties, for committing the same behavior. Such an instance exists with aggravated assault based on OCGA § 16-5-20 (a) (1) and reckless conduct: where the proscribed conduct is the result of the actor’s criminal intent, the Legislature has determined that the offense constitutes the felony of aggravated assault whereas that same conduct which is the result of the actor’s criminal negligence supports a conviction only of reckless conduct. OCGA § 16-5-60. See Lindsey v. State, 262 Ga. 665, 666 (2) (b) (424 SE2d 616) (1993) (“Reckless conduct is an act of criminal negligence, rather than an intentional act, that causes bodily harm or endangers the bodily safety of another”); see also Brewton v. State, 216 Ga. App. 346 (454 SE2d 558) (1995), overruled on other grounds, 266 Ga. 160 (465 SE2d 668) (1996) (crime of reckless conduct is an instance of criminal negligence, rather than a culpable act of either general or specific criminal intent).
Id.

 Notably, Justice Carley also dissented in Dunagan, which the majority now relies on heavily in this case in support of its dispensing with stare decisis.

 Most other defendants seeking relief pursuant to Jackson v. State have been convicted of felony murder (aggravated assault) and involuntary manslaughter (reckless conduct).